**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1527-17T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

SHAKEIL R. PRICE, a/k/a
SHAKIEL R. PRICE, SHAKEIL
RACHAD PRICE, SHAK, KEIL,
and SHAKEIL RASHAD PRICE,

     Defendant-Appellant.

_____

> Submitted February 12, 2019 – Decided March 4, 2019
>
> Before Judges Fisher and Geiger.
>
> On appeal from Superior Court of New Jersey, Law Division, Middlesex County, Indictment Nos. 08-10-1785 and 08-10-1789.
>
> Joseph E. Krakora, Public Defender, attorney for appellant (Kevin G. Byrnes, Designated Counsel, on the brief).
>
> Andrew C. Carey, Middlesex County Prosecutor, attorney for respondent (Joie D. Piderit, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Shakeil R. Price appeals from the denial of his petition for post-conviction relief (PCR) without an evidentiary hearing. We reverse and remand for an evidentiary hearing.

Tried by a jury in a joint trial with a co-defendant, defendant was convicted of first-degree murder, N.J.S.A. 2C:11-3(a) and weapons offenses in connection with his role in the shooting death of Sergio Soto. Defendant received a life sentence subject to an eighty-five percent period of parole ineligibility pursuant to the No Early Release Act, N.J.S.A. 2C:43-7.2, on the murder conviction, and concurrent ten-year prison terms with five-year parole ineligibility periods on the weapons convictions. Defendant was also sentenced to a consecutive ten-year prison term, subject to a five-year parole bar, on his conviction for being a person not entitled to be in possession of a weapon, N.J.S.A. 2C:39-7(b).

Defendant's convictions were affirmed on direct appeal. State v. Price, No. A-2937-10 (App. Div. March 12, 2014). We remanded for merger of the possession of a weapon for an unlawful purpose with the murder conviction, but otherwise affirmed defendant's sentences. Ibid. The Supreme Court denied certification. State v. Price, 221 N.J. 219 (2015).

The underlying facts and procedural history are set forth in our opinion on direct appeal and need not be repeated here. We recount only the facts and procedural aspects of the case pertinent to this appeal.

Following a melee at a Perth Amboy nightclub during which co-defendant Allan L. Eaford was struck in the head with a bottle wielded by Soto, Soto was shot in Woodbridge and died as a result of multiple gunshot wounds. The shooting was captured on a surveillance video. It depicted both Eaford and Price at the crime scene. Witnesses testified Eaford pointed a gun at Soto. When Eaford lowered the gun, Price took it and shot Soto.

The State initially made a written plea offer of a recommended fifty-year prison term, subject to NERA, in exchange for a plea of guilty to murder. The State's correspondence also advised that if motions were filed the offer would be withdrawn. The Defendant rejected the plea offer. Defendant contends the State made a subsequent plea offer for a twenty-year prison term to trial counsel that trial counsel failed to relay to or discuss with defendant.

In January 2010, defendant filed a pro se speedy trial motion. In his supporting certification, defendant stated that during an August 6, 2009 pretrial hearing he "refused any and all plea negotiations." He further stated he was pursuing his right to a speedy trial pursuant to Rule 3:25-2.

It appears the case proceeded to trial without the trial court conducting a pretrial conference or a pretrial memorandum being prepared, reviewed, and executed. There is no indication trial counsel objected to the failure to conduct a pretrial conference. Appellate counsel did not raise this issue on appeal.

On March 3, 2015, defendant filed a petition for PCR. Counsel was appointed to represent defendant. The petition alleged trial and appellate counsel were ineffective for failing to raise the trial court's error in not affording defendant a pretrial conference. In his supporting certification, defendant stated trial counsel failed to advise him prior to trial that the State had extended a final plea offer of a twenty-year prison term subject to an eighty-five percent period of parole ineligibility. Defendant also stated that his trial counsel told him during a meeting after the trial but prior to sentencing that he denied the plea offer "because he presumed I was prepared for trial." Trial counsel also confirmed that a pretrial memorandum was never signed. Defendant further stated: "Had I been advised of the plea bargain of [twenty] years, I would have accepted it."

The State denies it made a plea offer to trial counsel for a twenty-year prison term. Yet, the record lacks an affidavit or certification executed by the assistant prosecutor who handled defendant's prosecution. The State's current

counsel is not the same assistant prosecutor who represented the State's interests before the PCR court.

Although defendant denied being the shooter, he contends he could have truthfully pled guilty to an offense and received the twenty-year sentence. He contends that, in all probability, he would have accepted the twenty-year plea offer if properly informed of the offer by trial counsel.

Despite apparently diligent efforts, PCR counsel was unable to locate trial counsel. This effectively precluded defendant from obtaining an affidavit or certification of trial counsel regarding the State's plea offers and whether those plea offers were communicated to defendant.

Defendant moved to compel trial counsel to produce his trial file. On June 22, 2017, the PCR court denied the motion on the ground production of trial counsel's trial folder was unnecessary because PCR would not be granted even if the documents sought were produced. This ruling prevented defendant from reviewing the contents of trial counsel's file to determine if there were any notes, memoranda, or correspondence regarding the State's plea offers and whether those offers were communicated to defendant. Coupled with PCR counsel's inability to locate trial counsel, defendant was prevented from providing evidence corroborating his allegations.

5

On the same date, the PCR court issued an oral decision and order denying defendant's petition without an evidentiary hearing. In its oral ruling, the PCR court concluded defendant had not presented a prima facie case. The court characterized defendant's claims as "nothing but a bald assertion made by him, completely unsubstantiated." The PCR court determined the absence of a pretrial conference and pretrial memorandum "does not equate to a prima facie case of ineffective assistance of counsel." The PCR court noted that in his motion for a speedy trial, defendant stated he was not pleading guilty and wanted a trial as soon as possible. This appeal followed.

Defendant raises the following issues:

> POINT I
> THE DEFENDANT WAS DENIED THE RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL, BECAUSE TRIAL COUNSEL FAILED TO COMMUNICATE THE LATEST, MOST FAVORABLE PLEA OFFER THAT THE DEFENDANT WOULD HAVE ACCEPTED IF HE HAD BEEN PROPERLY INFORMED.
>
> POINT II
> THE DEFENDANT IS ENTITLED TO AN EVIDENTIARY HEARING.

Under the Sixth Amendment of the United States Constitution, a criminal defendant is guaranteed the effective assistance of legal counsel in his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). To establish a deprivation

6

of that right, a convicted defendant must satisfy the two-part test enunciated in Strickland by demonstrating that: (1) counsel's performance was deficient, and (2) the deficient performance actually prejudiced the accused's defense. Id. at 687; accord State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-part test in New Jersey).

The right to effective assistance of counsel includes the right to be informed of and counselled regarding plea offers made by the State. Missouri v. Frye, 566 U.S. 134, 145 (2012). "Anything less . . . might deny a defendant 'effective representation by counsel at the only stage when legal aid and advice would help him.'" Id. at 144 (alteration in original) (quoting Massiah v. United States, 377 U.S. 201, 204 (1964)).

PCR courts are not required to conduct evidentiary hearings unless the defendant establishes a prima facie case and "there are material issues of disputed fact that cannot be resolved by reference to the existing record." R. 3:22-10(b). When a defendant has presented a prima facie case of ineffective assistance of counsel, an evidentiary hearing should generally be conducted because the information necessary to resolve the claim may lie outside the record and trial counsel's testimony may be required. State v. Preciose, 129 N.J. 451, 462 (1992). "The judge deciding a PCR claim should conduct an evidentiary

7

hearing when there are disputed issues of material facts related to the defendant's entitlement to PCR, particularly when the dispute regards events and conversations that occur off the record or outside the presence of the judge." State v. Porter, 216 N.J. 343, 354 (2013) (citing State v. Russo, 333 N.J. Super. 119, 138 (App. Div. 2000)). "To establish such a prima facie case, the defendant must demonstrate a reasonable likelihood that his or her claim will ultimately succeed on the merits." State v. Marshall, 148 N.J. 89, 158 (1997). The court must view the facts "in the light most favorable to the defendant." State v. Jones, 219 N.J. 298, 311 (2014) (citing Marshall, 148 N.J. at 158); accord R. 3:22-10(b). As the PCR court did not hold an evidentiary hearing, we undertake a de novo review. State v. Parker, 212 N.J. 269, 278 (2012).

Rule 3:9-1(f) requires the trial court to conduct a pretrial conference "in open court with the prosecutor, defense counsel and the defendant present." The trial court:

> shall address the defendant to determine that the defendant understands: (1) the State's final plea offer, if one exists; (2) the sentencing exposure for the offenses charged, if convicted; (3) that ordinarily a negotiated plea should not be accepted after the pretrial conference and a trial date has been set; (4) the nature, meaning and consequences of the fact that a negotiated plea may not be accepted after the pretrial conference has been conducted and a trial date has been set and (5) that the defendant has a right to reject the plea offer and

go to trial and that if the defendant goes to trial the State must prove the case beyond a reasonable doubt. If the case is not otherwise disposed of, a pretrial memorandum shall be prepared in a form prescribed by the Administrative Director of the Courts. The pretrial memorandum shall be reviewed on the record with counsel and the defendant present and shall be signed by the judge who, in consultation with counsel, shall fix the trial date.

[R. 3:9-1(f).]

The pretrial memorandum sets forth the pending charges, maximum possible sentence on each charge, whether defendant qualifies for an extended term, maximum parole ineligibility period, and the State's final plea offer. The pretrial memorandum also asks the defendant the following questions:

10. Do you understand that if you reject this plea offer, the Court could impose a more severe sentence than recommended by the plea offer, up to the maximum sentence permitted if you are convicted after trial?

11. Do you understand that if you reject this plea offer today, no negotiated plea can be accepted by this Court unless specifically authorized by the Criminal Presiding Judge pursuant to R. 3:9-3(g)?

[Pretrial Memorandum, Administrative Office of the Courts (Aug. 20, 2002).]

The pretrial conference has a significant impact on further plea bargaining due to the plea cut-off rule. "After the pretrial conference has been conducted and a trial date set, the court shall not accept negotiated pleas absent the approval

A-1527-17T4

of the Criminal Presiding Judge based on a material change of circumstance, or the need to avoid a protracted trial or a manifest injustice." R. 3:9-3(g).

The record contains no indication that the trial court conducted a pretrial conference, much less performed any of the requirements imposed by Rule 3:9-1(f).[1] Thus, defendant was not advised in open court of the State's final plea offer and the consequences of rejecting that offer. This omission, in clear violation of Rule 3:9-1(f), coupled with the inability to locate trial counsel and the disputed facts in this matter, warranted an evidentiary hearing.

With regard to whether defendant would have accepted a plea offer, the PCR court noted defendant stated he was not pleading guilty and wanted a trial as soon as possible in his pro se motion for a speedy trial. Those statements do not undermine defendant's position if he was unaware of a better plea offer than a fifty-year prison term.

We conclude an evidentiary hearing should have been conducted on the ineffective assistance of counsel claim that a plea offer communicated to trial counsel was not relayed by trial counsel to defendant, and the related issue whether defendant was adequately counselled with respect to any such plea

---

[1] The record does not include any reference to a pretrial conference, a transcript of a pretrial conference, or a pretrial memorandum.

A-1527-17T4

offer.  See State v. Pyatt, 316 N.J. Super. 46, 51-52 (App. Div. 1998) (holding an evidentiary hearing was required when such issues were presented).

In sum, the PCR court erred by denying defendant's application for discovery.  The PCR court further erred by denying defendant's petition without an evidentiary hearing.  We reverse and remand for an evidentiary hearing.  The remand court shall also enter an order compelling production of trial counsel's file.

Reversed and remanded for proceedings consistent with this opinion.  We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-1527-17T4