**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3018-17T3

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

ANTWAN SHANNON,

     Defendant-Appellant.

_____

> Submitted December 19, 2019 – Decided January 22, 2020
>
> Before Judges Suter and DeAlmeida.
>
> On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 07-06-1043.
>
> Antwan Shannon, appellant pro se.
>
> Esther Suarez, Hudson County Prosecutor, attorney for respondent (Stephanie Davis Elson, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Antwan Shannon appeals from the June 2, 2015 order of the Law Division denying his third petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

I.

In 2008, a jury convicted defendant of the following crimes arising from the armed robbery and murder of a Jersey City convenience store owner and the assault of a witness who happened upon the murder scene: first-degree murder, N.J.S.A. 2C:11-3(a); first-degree felony murder, N.J.S.A. 2C:11-3(a)(3); first-degree armed robbery, N.J.S.A. 2C:15-1; two counts of third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a); two counts of third-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b); two counts of second-degree certain persons not to possess weapons, N.J.S.A. 2C:39-7(b); and second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(2). The court sentenced defendant to an aggregate term of life imprisonment with a thirty-year period of parole ineligibility.

We affirmed defendant's convictions and sentence. State v. Shannon, No. A-2082-08 (App. Div. Dec. 3, 2010). The Supreme Court denied certification. State v. Shannon, 205 N.J. 519 (2011).

In 2012, defendant filed his first PCR petition. The trial court assigned counsel, who filed an amended petition. The amended petition argued defendant was denied effective assistance of trial counsel who: (1) failed to call alibi witnesses; (2) failed to cross-examine a witness, M.W., regarding medications she was prescribed for a psychiatric disorder; and (3) induced defendant not to testify by misinforming him polygraph examination results would be used during his cross-examination.

Defendant's first PCR petition was denied by the trial court. We affirmed. State v. Shannon, No. A-3126-12 (App. Div. May 21, 2014). The Supreme Court denied certification. State v. Shannon, 220 N.J. 98 (2014).

While the appeal of the denial of the first PCR petition was pending, defendant filed a second PCR petition. The trial court denied defendant's second petition. Defendant did not file an appeal of that decision.

On January 13, 2015, defendant filed a third PCR petition alleging: (1) "[t]rial counsel submitted defense motion pre-trial for 3rd party guilt of Benjiman [sic] Wilson III[;]" (2) "[n]o investigation in association of 'defense' was performed by counsel[;]" (3) "[n]o investigation was done on State's witness [M.W.] who has a psychiatric ailment that is 'delusional' in nature[;]" and (4) "State[']s witness Richard Salcedo was also not investigated." The third petition

contains the notation "[c]ontinued [a]ttached." Neither party included a copy of the third petition in their appendix. A copy of the third petition obtained by the court has no attachment.

On June 2, 2015, the court denied defendant's third PCR petition without an evidentiary hearing. The court concluded the claims made in defendant's third PCR petition, "specifically, ineffective assistance of counsel[,]" were previously addressed and adjudicated in his first petition. Thus, the court concluded defendant's third PCR petition was barred by Rule 3:22-4.

This appeal follows. Defendant makes the following arguments for our consideration:

> POINT I
>
> APPELLANT SHOULD NOT BE PROCEDURALLY BARRED FROM PRESENTING HIS CLAIMS DUE TO HIS MISUNDERSTANDING OF THE LAW, AND FOR FAILING TO EXPLAIN CLEARLY TO THE COURT THAT HIS SUBSEQUENT ATTEMPTS TO FILE A PCR PETITION CONTAINED ALLEGATIONS AGAINST PCR COUNSEL: [SIC] NOT AGAINST TRIAL COUNSEL.
>
> POINT II
>
> PETITIONER RECEIVED INEFFECTIVE ASSISTANCE OF PCR COUNSEL DUE TO COUNSEL'S FAILURE/REFUSAL TO PRESENT TO THE PCR COURT ALL ISSUES PETITIONER WANTED RAISED.

POINT III

PETITIONER RECEIVED INEFFECTIVE ASSISTANCE OF PCR COUNSEL WHEN COUNSEL FAILED TO INTERVIEW ALIBI WITNESS GERRY WILLIAMS, AND ENSURE MR. WILLIAMS'[S] PROPOSED STATEMENT MET THE LEGAL STANDARD OF ADMISSIBILITY.

II.

"Post-conviction relief is New Jersey's analogue to the federal writ of habeas corpus." State v. Preciose, 129 N.J. 451, 459 (1992). Under Rule 3:22-2(a), a defendant is entitled to post-conviction relief if there was a "[s]ubstantial denial in the conviction proceedings of defendant's rights under the Constitution of the United States or the Constitution or laws of the State of New Jersey . . . ." "A petitioner must establish the right to such relief by a preponderance of the credible evidence." Preciose, 129 N.J. at 459. "To sustain that burden, specific facts" that "provide the court with an adequate basis on which to rest its decision" must be articulated. State v. Mitchell, 126 N.J. 565, 579 (1992).

A hearing on a PCR petition is required only when: (1) a defendant establishes a prima facie case in support of PCR; (2) the court determines that there are disputed issues of material fact that cannot be resolved by review of the existing record; and (3) the court determines that an evidentiary hearing is

5

required to resolve the claims asserted. State v. Porter, 216 N.J. 343, 354 (2013) (citing R. 3:22-10(b)). "A prima facie case is established when a defendant demonstrates 'a reasonable likelihood that his or her claim, viewing the facts alleged in the light most favorable to the defendant, will ultimately succeed on the merits.'" Id. at 355 (quoting R. 3:22-10(b)).

We review the legal conclusions of a PCR court de novo. State v. Harris, 181 N.J. 391, 419 (2004). Where an evidentiary hearing has not been held, it is within our authority "to conduct a de novo review of both the factual findings and legal conclusions of the PCR court . . . ." Id. at 421. We review a judge's decision to deny a PCR petition without an evidentiary hearing for abuse of discretion. Preciose, 129 N.J. at 462.

We agree with the trial court's conclusion that defendant's third PCR petition was barred. Rule 3:22-5 provides:

> [a] prior adjudication upon the merits of any ground for relief is conclusive whether made in the proceedings resulting in the conviction or in any post-conviction proceeding brought pursuant to this rule . . . or in any appeal taken from such proceedings.

Defendant's third PCR petition alleges the same claims of ineffective assistance of trial counsel he asserted in his first petition. Those claims were

6

adjudicated by the trial court, which dismissed the first PCR petition as meritless. We affirmed that decision.

Defendant attempts to circumvent <u>Rule</u> 3:22-5 by arguing that his third petition actually alleges his PCR counsel was ineffective. Thus, defendant argues, his third petition should have been considered by the trial court pursuant to <u>Rule</u> 3:22-4. That rule provides:

> A second or subsequent petition for post-conviction relief shall be dismissed unless:
>
> (1)    it is timely filed under R. 3:22-12(a)(2); and
>
> (2)    it alleges on its face . . .
>
>     . . . .
>
> (C)    that the petition alleges a prima facie case of ineffective assistance of counsel that represented the defendant on the first or subsequent application for post-conviction relief.
>
> [<u>R.</u> 3:22-4(b).]

While there is no dispute the third petition was filed within the time permitted by <u>Rule</u> 3:22-12(a)(2), it is equally clear the third petition does not, on its face, allege ineffective assistance of PCR counsel on defendant's first petition. Defendant argues he misunderstood the law and intended to allege in his third PCR petition he was denied the effective assistance of PCR counsel on

7

his first petition. According to defendant, his PCR counsel failed to raise all of the issues defendant wanted him to raise in the first petition, and failed to effectively investigate and argue those claims he did raise.

Defendant's third PCR petition, however, does not mention his PCR counsel. He does not allege in the third PCR petition any claims of ineffective assistance related to the representation he received with respect to his first petition. Instead, defendant's third PCR petition is a reiteration of the ineffective assistance claims he alleged in his first petition about his trial counsel. Dismissal of the third PCR petition was, therefore, warranted.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3018-17T3