**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5055-17T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

BRIAN FOWLKES,

    Defendant-Appellant.

_____

Submitted January 22, 2020 – Decided February 20, 2020

Before Judges Yannotti and Hoffman.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Indictment Nos. 04-10-1524 and 11-02-0295.

Joseph E. Krakora, Public Defender, attorney for appellant (Steven M. Gilson, Designated Counsel, on the brief).

Christopher L.C. Kuberiet, Acting Middlesex Prosecutor, attorney for respondent (Joie D. Piderit, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

Appellant filed a pro se supplemental brief.

PER CURIAM

Defendant appeals from an order entered by the Law Division on May 11, 2018, which denied his petition for post-conviction relief (PCR).  We affirm.

I.

In October 2004, a Middlesex County grand jury returned Indictment No. 04-10-1524, charging defendant with first-degree murder of Hassan Bass, N.J.S.A. 2C:11-3(a)(1) or (2) (count one); and second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a) (count two).  Defendant was tried before a jury and found guilty of both offenses.  Defendant appealed from the judgment of conviction. We reversed and remanded for a new trial. State v. Fowlkes, No. A-2939-05 (App. Div. Jan. 7, 2010) (slip op. at 38).

In February 2011, a grand jury returned superseding Indictment No. 11-02-0295, which charged defendant with first-degree murder of Hassan Bass, N.J.S.A. 2C:11-3(a)(1) or (2) (count one); fourth-degree aggravated assault, N.J.S.A. 2C:12-1(b)(4) (count two); second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b) (count three); second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a) (count four); and third-degree witness tampering, N.J.S.A. 2C:28-5(a) (count five).

The trial court granted the State's motion to disqualify defendant's attorney, finding that his continued representation of defendant would create a potential conflict of interest and an appearance of impropriety. A new attorney was assigned to represent defendant. The court also dismissed counts two and five.

Defendant was tried before a jury on the remaining counts. At the trial, the State presented evidence that on May 22, 2004, a masked gunman fatally shot Bass on a street corner in New Brunswick. The State's case against defendant consisted primarily of testimony by C.A., who was defendant's girlfriend, and D.C., a longtime jailhouse informant with a lengthy criminal record.[1] They both testified that defendant had admitted shooting Bass.

The jury found defendant guilty on counts one, three, and four. Thereafter, the court sentenced defendant on count one to life imprisonment, without parole eligibility. The court also merged counts three and four, and sentenced defendant on count four to a concurrent prison term of five years, with three years of parole ineligibility.

Defendant appealed from the judgment of conviction and appellate counsel raised the following arguments:

---

[1] We use initials to identify these and other individuals involved in this matter.

A-5055-17T4

POINT I

IN VIOLATION OF THIS COURT'S RULING ON APPEAL OF THE FIRST TRIAL THAT IT WAS ERROR TO ADMIT A GUN THAT WAS NOT THE MURDER WEAPON SOLELY TO SUPPORT THE JAILHOUSE-SNITCH'S CREDIBILITY, THE GUN WAS AGAIN ADMITTED ON RETRIAL SOLELY TO SUPPORT THE JAILHOUSE-SNITCH'S CREDIBILITY.

POINT II

THE ADMISSION OF FOWLKES' PURPORTED CONFESSION, ELICITED BY AN UNDISCLOSED GOVERNMENT INFORMANT AFTER FOWLKES WAS INDICTED AND WHILE HE WAS IN CUSTODY, VIOLATED HIS RIGHT TO THE ASSISTANCE OF COUNSEL AND SHOULD HAVE BEEN EXCLUDED. (Not Raised Below).

POINT III

FOWLKES WAS PREJUDICED BY THE ABSENCE OF A COOPERATING-WITNESS INSTRUCTION TELLING THE JURY THAT IT WAS REQUIRED TO GIVE CAREFUL SCRUTINY TO THE JAILHOUSE-SNITCH'S TESTIMONY. (Not Raised Below).

POINT IV

THE PROSECUTOR'S STATEMENT IN SUMMATION THAT "THE STATE DOESN'T BELIEVE DEFENDANT" AND HER ATTEMPT TO VOUCH FOR THE SNITCH BY MISCHARACTERIZING HIS TESTIMONY CONSTITUTED PREJUDICIAL MISCONDUCT. (Not Raised Below).

POINT V

THE COURT ERRED IN MERGING THE TWO GUN OFFENSES TOGETHER; THE CHARGE OF

4

POSSESSION OF A GUN FOR AN UNLAWFUL PURPOSE SHOULD HAVE MERGED WITH THE MURDER. (Not Raised Below).

POINT VI
THE SENTENCE OF LIFE WITHOUT PAROLE IS ILLEGAL.

POINT VII
BECAUSE DEFENDANT HAS CONTINUOUSLY BEEN IN CUSTODY FOR THIS OFFENSE SINCE THE DATE HE WAS ARRESTED, HE SHOULD HAVE RECEIVED CREDIT FROM THE DATE HE WAS ARRESTED TO THE DATE HE WAS RESENTENCED FOLLOWING HIS [SECOND] CONVICTION.

Defendant filed a pro se supplemental brief, in which he argued:

POINT I
THE PROSECUTOR ALLOWED TESTIMONY SHE ELICITED AND KNEW TO BE FALSE GO UNCORRECTED WHILE LATER CAPITALIZING OFF OF IT DURING HER SUMMATION, IN SHOWING A MANIFEST DENIAL OF JUSTICE; COMMITTED MISCONDUCT SO EGREGIOUS, IT VIOLATED FOWLKES' RIGHTS TO DUE PROCESS AND [A] FAIR TRIAL.

POINT II
[THE] TRIAL COURT COMMITTED PREJUDICIAL ERROR[] WHEN IT ADMITTED TESTIMONY, WHICH SHOULD HAVE BEEN EXLCUDED IN ACCORDANCE WITH STATE v. COFIELD, 127 [N.J.] 328 [(1992)], WITHOUT GIVING ANY LIMITING OR CURATIVE INSTRUCTIONS TO THE JURY, INFRINGING ON FOWLKES' DUE PROCESS AND RIGHT TO A FAIR TRIAL.

We affirmed defendant's convictions, reversed the sentences, and remanded the matter to the trial court for re-sentencing. State v. Fowlkes, No. A-3027-12 (App. Div. Feb. 2, 2016) (slip op. at 22). After our decision, the trial court resentenced defendant.

The court merged count three with count one and sentenced defendant to a term of life imprisonment, with thirty years of parole ineligibility. On count four, the court sentenced defendant to a five-year prison term with three years of parole ineligibility, to be served concurrently to the sentence on count one. Thereafter, the Supreme Court denied defendant's petition for certification. State v. Fowlkes, 225 N.J. 339 (2016).

## II.

In August 2016, defendant filed a pro se petition for PCR in the Law Division alleging he was denied the effective assistance of trial and appellate counsel. The trial court appointed counsel for defendant, and PCR counsel filed a brief in support of the petition. The PCR court later heard oral argument in the matter and placed its decision on the record.

The court noted that defendant alleged he was denied the effective assistance of counsel because his attorney failed to: address an alibi witness; seek to exclude D.C.'s testimony; request an instruction regarding the testimony

of a cooperative witness; object to the State's summation; request merger of the weapons offenses; seek a <u>Wade</u>[2] hearing on identification; and obtain a surveillance video.

Defendant also argued that his right to due process was violated by testimony regarding a weapon; trial counsel's cumulative errors made the trial unfair; and his rights under <u>Miranda</u>[3] were violated because he was questioned while in administrative segregation.  In addition, defendant claimed he was denied the effective assistance of appellate counsel because counsel did not argue on appeal that the court erred by disqualifying his first attorney.

The PCR court found that defendant had not presented a prima facie case of ineffective assistance of either trial or appellate counsel and that an evidentiary hearing was not required.  The PCR court entered an order denying relief.  This appeal followed.

On appeal, defendant's appellate counsel raises the following arguments:

> POINT I
> THE MATTER MUST BE REMANDED FOR AN EVIDENTIARY HEARING BECAUSE DEFENDANT HAS ESTA[BL]ISHED A <u>PRIMA FACIE</u> CASE OF DEFENSE COUNSEL'S INEFFECTIVENESS FOR NOT ENSURING

---

[2] <u>United States v. Wade</u>, 388 U.S. 218 (1967).

[3] <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966).

DEFENDANT'S PRESENCE AT THE MOTION TO DISQUALIFY [COUNSEL]; ADDITIONALLY, APPELLATE AND PCR COUNSEL WERE PRIMA FACIE INEFFECTIVE FOR NOT PURSUING THE ISSUE OF DEFENDANT'S ABSENCE AT THE HEARING. (Not Raised Below).

POINT II
THIS MATTER MUST BE REMANDED FOR AN EVIDENTIARY HEARING BECAUSE DEFENDANT ESTABLISHED A PRIMA FACIE CASE OF APPELLATE COUNSEL'S INEFFECTIVENESS FOR NOT RAISING THE DISQUALIFICATION OF DEFENSE COUNSEL.

In addition, defendant has filed a pro se supplemental brief, in which he argues:

POINT I
DEFENDANT SHOULD BE GRANTED A NEW PCR HEARING BECAUSE BOTH PCR COUNSEL DEPRIVED THE DEFENDANT OF THE EFFECTIVE ASSISTANCE OF COUNSEL, [AS] REQUIRED BY [RULE] 3:22-6(d).

POINT II
DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF SHOULD BE REMANDED BACK TO THE TRIAL COURT FOR A NEW PCR HEARING WITH INSTRUCTIONS TO BE ASSIGNED TO A DIFFERENT TRIAL COURT FOR THE JUDGE['S] ABUSE OF DISCRETION WHEN HE RELIEVED PCR COUNSEL . . . , OF HIS OBLIGATIONS PURSUANT TO [RULE] 3:22-6(d).

III.

As noted, defendant argues that he established a prima facie case of ineffective assistance of trial and appellate counsel because his attorney failed to ensure his presence at the oral argument on the State's motion to disqualify his attorney, and that appellate counsel erred by failing to raise this issue on appeal. He contends the PCR court should have conducted an evidentiary hearing on his claims.

We note that an evidentiary hearing on a PCR petition is only required when the defendant presents a prima facie case in support of relief, the court determines there are material issues of fact that cannot be resolved based on the existing record, and the court finds an evidentiary hearing is required to resolve the issues presented. State v. Porter, 216 N.J. 343, 354 (2013) (citing R. 3:22-10(b)). "To establish a prima facie case, defendant must demonstrate a reasonable likelihood that his or her claim, viewing the facts alleged in the light most favorable to the defendant, will ultimately succeed on the merits." R. 3:22-10(b).

A defendant asserting a claim of ineffective assistance of counsel must satisfy the two-part test established in Strickland v. Washington, 466 U.S. 668, 693 (1984), and later adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987). Under that test, a defendant first "must show that counsel's

performance was deficient." Strickland, 466 U.S. at 693. The defendant must establish that the attorney's performance "fell below an objective standard of reasonableness" and "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Ibid.

The defendant also must show "that the deficient performance prejudiced the defense." Ibid. To establish prejudice, the defendant must establish "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome" of the matter. Id. at 698.

Here, the record shows that the State moved to disqualify defendant's first attorney because he had previously represented D.B., who was an eyewitness to the shooting and was expected to testify at trial for the State. The State argued that counsel's prior representation of D.B. would materially affect his representation of defendant. The trial court granted the State's motion. The trial court found there was a potential appearance of impropriety and conflict of interest, which required counsel's disqualification.

A-5055-17T4

On appeal, defendant argues he was denied the effective assistance of counsel because his attorney failed to ensure his presence at the trial court's hearing on the State's disqualification motion. Defendant did not raise this issue on direct appeal, nor did he raise this issue before the PCR court.

We will not consider an issue that is raised for the first time on appeal unless the issue pertains to the trial court's jurisdiction or concerns a matter of great public interest. State v. Marroccelli, 448 N.J. Super. 349, 373 (App. Div. 2017) (citing State v. Robinson, 200 N.J. 1, 20 (2009)). Defendant's argument regarding counsel's failure to ensure his attendance at the argument on the disqualification motion does not come within either of these exceptions. Therefore, we will not address this claim.

Defendant further argues he was denied the effective assistance of appellate counsel because counsel did not argue on appeal that the trial court erred by disqualifying his attorney. Defendant contends his attorney's prior representation of D.B. was not a direct conflict of interest. He asserts if there was a conflict, it could have been waived and he would have waived the conflict. He contends his counsel should have argued on appeal that, because the trial court erred by disqualifying his attorney, a new trial was required.

Here, the PCR court found that defendant failed to establish that he was denied the effective assistance of appellate counsel. The court found that appellate counsel reasonably elected, as a matter of strategy, not to raise this issue in order to avoid raising an excessive amount of arguments on appeal.

We conclude that the PCR court correctly determined that defendant had not presented a prima facie case of ineffective assistance of appellate counsel. We reach that conclusion not because counsel reasonably chose to avoid raising an excessive number of issues raised on appeal. Rather, we conclude defendant's claim fails because any challenge to the trial court's ruling on the disqualification motion would not have succeeded.

Under the Sixth Amendment to the United States Constitution, a defendant in a criminal case "must have a fair opportunity to have counsel of his own choosing, [but] that right must yield when an actual of conflict is found." State ex rel. S.G., 175 N.J. 132, 140 (2003) (citing United States v. Moscony, 927 F.2d 742, 749-50 (3d Cir. 1991)). Moreover, "it is incumbent on the courts to ensure that defendants receive conflict-free representation." Ibid. (citing State v. Loyal, 164 N.J. 418, 433 (2000)).

The Rules of Professional Conduct (RPC) provide that an attorney "shall not represent a client if the representation involves a concurrent conflict of

interest." RPC 1.7(a). "A concurrent conflict of interest exists if: (1) the representation of one client will be directly adverse to another client; or (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client, or a third person or by a personal interest of the lawyer." Ibid.

An attorney may, however, represent a client notwithstanding a concurrent conflict of interest if

> (1) each affected client gives informed consent, confirmed in writing, after full disclosure and consultation, provided, however, that a public entity cannot consent to any such representation . . . ;
>
> (2) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
>
> (3) the representation is not prohibited by law; and
>
> (4) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal.
>
> [RPC 1.7(b).]

In addition, RPC 1.9(a) provides that an attorney who previously represented a client may not represent another client "in the same or a substantially related matter in which that client's interests are materially adverse

13

to the interests of the former client . . . . "  The representation is permitted, however, if "the former client gives informed consent confirmed in writing." Ibid.

However, in a criminal case, a defendant's consent to an attorney's conflict of interest under RPC 1.7(a) or 1.9(a) may not resolve the disqualification issue because "the interests that are implicated transcend those of the immediate parties and their attorneys."  In re Garber, 95 N.J. 597, 614 (1984).  "The public . . . has the greatest stake in the propriety of the legal relationships that are created to properly administer criminal justice."  Ibid.

Moreover, although an appearance of impropriety may no longer be the basis for attorney discipline, it may still be considered by the court in determining whether an attorney's "representation poses an unwarranted risk of disservice either to the public interest or the interest of the client."  State v. Davis, 366 N.J. Super. 30, 44 (App. Div. 2004) (quoting Administrative Determinations in response to the Report and Recommendation of the Supreme Court Commission on the Rules of Professional Conduct, Commission Comment, RPC 1.7 (2003)).  Therefore, in determining whether an attorney's representation would create an appearance of impropriety, the court can consider

whether such representation would undermine public confidence in the fairness of the proceedings. Ibid. (citing Loyal, 164 N.J. at 430).

The record shows that defendant's counsel was a pool attorney for the Office of the Public Defender, and he previously represented D.B. in the same matter. The trial court found that, under the circumstances, defendant's attorney might have divided loyalties, which could have a material effect on his ability to represent defendant. The court therefore found that counsel was disqualified from representing defendant.

Defendant has not established he was denied the effective assistance of counsel because of his attorney's failure to raise this issue on appeal. Defendant has not shown that the result of the appeal probably would have been different if counsel had raised this issue. The trial court's ruling on the State's disqualification motion was consistent with the applicable law and supported by the record.

Defendant contends that the trial court erred by disqualifying his attorney because at trial, D.B. was an uncooperative witness and the State was allowed to play recordings of D.B.'s prior statements before the jury. Defendant therefore argues that his attorney's prior representation of D.B. did not materially affect his ability to cross-examine D.B.

A-5055-17T4

However, when the trial court ruled on the State's motion, it could not have anticipated D.B. would be an uncooperative witness at trial. The court was required to determine whether counsel's prior representation of D.B. could materially affect his ability to represent defendant based on the record before the court at the time it made its decision, not after D.B. testified.

In his supplemental pro se brief, defendant also argues he was denied the effective assistance of PCR counsel because counsel's representation failed to conform to the requirements of Rule 3:22-6(d). Defendant contends PCR counsel failed to investigate his PCR petition properly; did not submit certifications or affidavits to support his claims; denied his claims in court; and denigrated him in court. Defendant also asserts that, in the oral argument before the PCR court, his counsel failed to point out that the court had not addressed all of the issues raised.

Defendant's argument lacks sufficient merit to warrant discussion. R. 2:11-3(e)(2). We note, however, that the transcript of the oral argument on defendant's petition does not support defendant's claim. Defendant has not shown that PCR counsel's handling of the matter was deficient, or that the result of the proceeding would have been different if PCR counsel had handled the

16

matter differently. We therefore reject defendant's contention that he was denied the effective assistance of PCR counsel.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION