SYLLABUS

(This syllabus is not part of the opinion of the Court. It has been prepared by the Office of the Clerk for the convenience of the reader. It has been neither reviewed nor approved by the Supreme Court. Please note that, in the interest of brevity, portions of any opinion may not have been summarized.)

**State v. Oscar Porter (A-91-11) (069223)**

**Argued January 15, 2013 -- Decided December 19, 2013**

**RODRÍGUEZ, J.A.D. (temporarily assigned), writing for a unanimous Court.**

The issue in this appeal is whether defendant was entitled to an evidentiary hearing on his petition for post-conviction relief (PCR).

The charges against defendant arose from an armed robbery committed by three men, which resulted in the death of Rayfield Ashford and the wounding of David Veal. Veal testified that in the early morning hours of September 11, 2003, he was using a pay telephone when three men with handguns approached him. Veal further testified that one of the men, defendant, hit him with a gun and knocked him to the ground, and that although this assailant pulled his hoodie up on his head, he was able to get a good look at him. Veal testified that he was taken into an alleyway and forced to kneel and hold his hands interlocked on his head underneath his own hoodie. The other two men left and returned with another man, later determined by investigators to be Ashford. The men told Ashford to kneel next to Veal. The man standing over Ashford shot him in the head, killing him. At the same time, defendant fired a shot at the back of Veal's head. Because Veal's hands were clasped behind his head, the bullet hit his thumbs and grazed his skull. Veal fell to the ground and remained still, pretending to be dead until he heard the three assailants leave. He then ran into his apartment building.

At trial, defense counsel vigorously attacked Veal's credibility and the reliability of his identification. The same attack was made in defense counsel's summation. Defendant was convicted of first-degree attempted murder, first-degree robbery, second-degree conspiracy to commit robbery, and second-degree aggravated assault. The jury acquitted defendant of murder and could not reach a verdict with respect to any of the charges relating to Ashford. On direct appeal, the Appellate Division merged one of the convictions and, as modified, affirmed the judgment of conviction. The Supreme Court denied certification.

Defendant filed a timely PCR petition pro se. Subsequently, assigned counsel submitted a brief alleging numerous deficiencies on the part of trial counsel, primarily the failure to investigate an alibi defense. According to defendant, he was with his girlfriend Katrina Adams at the time the crimes were committed. Defendant submitted his certification and also submitted an affidavit from Adams corroborating his claim. Defendant further submitted an affidavit from Rashana Lundy, Ashford's friend, who alleged that Ashford and defendant knew each other and were good friends. Lundy also expressed her willingness to testify at trial but trial counsel never contacted her.

The assistant prosecutor suggested the decision not to call Adams as an alibi witness, or to present an alibi defense at all, was a strategic decision by trial counsel. The judge who presided at trial heard the PCR matter and denied an evidentiary hearing. In a written decision, the judge concluded that, even if Adams and Lundy had testified, their testimony could not have changed the outcome. The court found that Veal's testimony was extremely credible and the evidence proposed by defendant would have done nothing to make it less credible, and that Adams was, "without a doubt, a biased witness" because she was defendant's girlfriend.

Defendant appealed the denial of the PCR petition, including the claim that trial counsel was ineffective for failing to convey or discuss any plea offers, and the Appellate Division affirmed in an unpublished opinion.

The Supreme Court granted certification "limited to the issue of whether defendant was entitled to an evidentiary hearing on his petition for post-conviction relief." 210 N.J. 119 (2012).

**HELD:** With respect to the claim of ineffective assistance of trial counsel based on failure to investigate an alibi defense, defendant made out a prima facie showing and raised material facts in dispute, therefore entitling him to an

1

evidentiary hearing on that issue.

1. The Sixth Amendment of the United States Constitution and Article I, paragraph 10 of the New Jersey Constitution require that a defendant receive "the effective assistance of counsel" during a criminal proceeding. An ineffective assistance of counsel claim may occur when counsel fails to conduct an adequate pre-trial investigation. Failure to investigate an alibi defense is a serious deficiency that can result in the reversal of a conviction. The development and resolution of ineffective assistance of counsel claims frequently call for an evidentiary hearing "because the facts often lie outside the trial record and because the attorney's testimony may be required." State v. Preciose, 129 N.J. 451, 462 (1992). Once a defendant presents a prima facie claim, an evidentiary hearing should ordinarily be granted to resolve any ineffective assistance of counsel claims. A prima facie case is established when a defendant demonstrates "a reasonable likelihood that his or her claim, viewing the facts alleged in the light most favorable to the defendant, will ultimately succeed on the merits." Rule 3:22-10(B). A defendant must allege specific facts and evidence supporting his allegations. (pp. 9-14)

2. In this case, it is evidently clear that an evidentiary hearing was warranted. The court's finding regarding defendant's and his girlfriend's credibility, based only on their affidavits, was an improper approach to deciding this PCR claim and effectively denied defendant an opportunity to establish ineffective assistance of trial counsel. Here, the court made credibility findings without hearing Adams testify on the asserted alibi defense. The proper way to determine Adams' veracity was to assess her testimony on direct and cross-examination. Moreover, the Court notes that the State chose not to present trial counsel as a witness or even submit counsel's affidavit stating the reasons for not calling Adams or presenting an alibi defense. Based upon a review of the trial record, there was no logical basis to conclude that trial counsel's decision was tactical. Thus, with respect to the claim of ineffective assistance of trial counsel based on failure to investigate an alibi defense, defendant made out a prima facie showing and raised material facts in dispute. Therefore, defendant was entitled to an evidentiary hearing to fully present this ineffective assistance of counsel claim. With respect to Lundy's proffered testimony, the Court notes that defendant was not convicted of any charges concerning Ashford, and that defendant has not made out a prima facie showing of entitlement to a hearing on that claim. With respect to the claim regarding a plea offer, there is simply no assertion that a plea offer was in fact made that trial counsel did not convey to his client. Thus, defendant is not entitled to an evidentiary hearing on this issue. (pp. 14-16)

The judgment of the Appellate Division affirming the denial of the PCR petition without an evidentiary hearing is **REVERSED** and the matter is **REMANDED** to the Law Division in order to conduct a new PCR hearing consistent with the Court's opinion.

**CHIEF JUSTICE RABNER; JUSTICES LaVECCHIA, ALBIN, and PATTERSON; and JUDGE CUFF (temporarily assigned) join in JUDGE RODRÍGUEZ's opinion.**

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

        v.

OSCAR PORTER,

    Defendant-Appellant.


        Argued January 15, 2013 – Decided December 19, 2013

        On certification to the Superior Court,
        Appellate Division.

        Lois A. De Julio, Assistant Deputy Public
        Defender, argued the cause for appellant
        (Joseph E. Krakora, Public Defender,
        attorney).

        John E. Anderson, Special Deputy Attorney
        General Acting Assistant Prosecutor, argued
        the cause for respondent (Carolyn A. Murray,
        Acting Essex County Prosecutor, attorney).

        Oscar Porter submitted a supplemental brief
        pro se.

    JUDGE RODRÍGUEZ, temporarily assigned, delivered the

opinion of the Court.

    It is well-settled that, to the extent that a petition for

post-conviction relief (PCR) involves material issues of

disputed facts that cannot be resolved by reference to the trial

record, an evidentiary hearing must be held.  See State v.

Preciose, 129 N.J. 451, 462 (1992).  Assessment of credibility

is the kind of determination "best made through an evidentiary proceeding with all its explorative benefits, including the truth-revealing power which the opportunity to cross-examine bestows." State v. Pyatt, 316 N.J. Super. 46, 51 (App. Div. 1998), certif. denied, 158 N.J. 72 (1999).

Here, defendant Oscar Porter appeals from an order of the Appellate Division affirming the denial of his PCR petition without an evidentiary hearing. Defendant challenges his convictions for attempted murder, armed robbery, conspiracy to commit armed robbery, and aggravated assault. The principal defense offered at trial was misidentification. In his PCR petition, defendant alleged ineffective assistance by trial counsel for failing to investigate an alibi defense, failing to present two witnesses to impeach the credibility of the State's principal witness, and failing to convey a plea offer to defendant. Because defendant's claim that trial counsel was ineffective for failing to investigate an alibi defense raises material issues of disputed facts, yet was denied without an evidentiary hearing by the judge, over defendant's objection, we conclude that the decision must be set aside. We, therefore, reverse the judgment of the Appellate Division and remand to the Law Division for an evidentiary hearing regarding the failure to investigate the alibi defense.

I.

The charges against defendant arose from an armed robbery committed by three men, which resulted in the death of Rayfield Ashford and the wounding of David Veal. The jury did not convict defendant of any offenses against Ashford.

The State presented the following proofs, which we summarize for purposes of considering the issue on appeal. Veal testified that in the very early morning hours of September 11, 2003, he was using a pay telephone outside of his apartment building in Newark when three men approached him. By the time Veal was ready to hang up the telephone, the three men, each with a handgun, had surrounded him and one of them told him, "don't move, don't even look at me like that." According to Veal, "one guy . . . [b]oom, hit [him] in [his] face . . . with a gun" and knocked him to the ground. Veal subsequently identified that man as defendant. According to Veal, he saw defendant before he came up to him. As defendant approached, defendant "pulled his hoodie up" on his head. Defendant was about eighteen feet from Veal when this happened. The hoodie remained on defendant's head throughout the incident. However, Veal testified that he was able to get a good look at defendant before he had pulled up the hoodie.

Veal testified that the other two individuals carried him around the corner into an alleyway on the side of his apartment

3

building.  Defendant told him to get on his knees and to put his hands behind his head.  Veal gave them forty dollars, and, as ordered to, knelt and interlocked his hands, and placed them on his head underneath his own hoodie.

The other two assailants left for about five minutes and returned with another man, later determined by investigators to be Ashford.  According to Veal, neither he nor Ashford knew any of the assailants.  The men told Ashford to kneel next to Veal.  Defendant was holding a gun to Veal's head, and another assailant was holding a gun to Ashford's head.  The third assailant left briefly and returned with a vehicle.  The man standing over Ashford shot him in the head, killing him.  At the same time, defendant fired a shot at the back of Veal's head.  Because Veal's hands were clasped behind his head, the bullet hit his thumbs and grazed his skull.  Veal fell to the ground and remained still, pretending to be dead until he heard the three assailants leave.  He then ran into his apartment building.

At trial, defense counsel vigorously attacked Veal's credibility and the reliability of his identification.  The same attack was made in defense counsel's summation.

Defendant was convicted of first-degree attempted murder, N.J.S.A. 2C:5-1 and N.J.S.A. 2C:11-3; first-degree robbery, N.J.S.A. 2C:15-1; second-degree conspiracy to commit robbery,

4

N.J.S.A. 2C:5-2, -4; and second-degree aggravated assault, N.J.S.A. 2C:12-1b(1). The jury acquitted defendant of murder and could not reach a verdict with respect to the remaining charges relating to Ashford.

On direct appeal, the Appellate Division merged one of the convictions and, as modified, affirmed the judgment of conviction, and we denied certification.

II.

Defendant filed a timely PCR petition pro se. Subsequently, assigned counsel submitted a brief alleging numerous deficiencies on the part of trial counsel, primarily the failure to investigate an alibi defense. According to defendant, he was with his girlfriend Katrina Adams at the time the crimes were committed. In support of this claim, defendant submitted his certification, which stated:

> I was with Katrina on the night of September 11, 2003 . . . . Prior to the commencement of the trial against me, Katrina informed my attorney . . . that she can account for my whereabouts and wanted to participate in the trial. [Counsel] rebuffed her offer to participate.

Defendant also submitted an affidavit from Adams corroborating defendant's claim, stating:

> Prior to the commencement of the trial against [defendant], I wrote to him because I desired to participate . . . [counsel] never called me to participate in the trial . . . . [Defendant] was with me in my

5

> apartment the whole night of September 11, 2003 and as such could not have been the individual alleged to have committed the crime that he is serving time for.

Defendant further submitted an affidavit from Rashana Lundy, Ashford's best friend, who alleged that Ashford and defendant knew each other and were good friends. Lundy also expressed her willingness to testify at trial but trial counsel never contacted her.

Finally, defendant alleged in his certification that trial counsel "never explained to me any plea offers to consider." There were no allegations that defendant knew that such offers had been made by the State.

The judge who presided at trial heard the PCR matter and denied an evidentiary hearing. At the PCR hearing, the assistant prosecutor argued that trial counsel was an "experienced attorney . . . who has done many, many homicide trials, who rejected the notion of putting [Adams] on." The assistant prosecutor suggested the decision not to call Adams as an alibi witness, or to present an alibi defense at all, was a strategic decision by trial counsel.

In a written decision, the PCR court concluded that, even if Adams and Lundy had testified, their testimony could not have changed the outcome. Specifically, the court found that Veal's testimony was extremely credible and the evidence proposed by

6

defendant would have done nothing to make it less credible. The court also found that Adams was, "without a doubt, a biased witness" because she was defendant's girlfriend. As to Lundy, the court found her statement to be irrelevant and not probative of any trial issue. Further, the court agreed with the assistant prosecutor that "trial counsel made a strategic determination to omit the testimony of the biased girlfriend and the inclement [sic] 'alibi' at trial." The court also concluded that defense counsel had made a strategic decision not to call defendant or Lundy as trial witnesses.

Defendant appealed the denial of the PCR petition, including the claim that trial counsel was ineffective for failing to convey or discuss any plea offers, and the Appellate Division affirmed in an unpublished opinion. We granted defendant's petition for certification "limited to the issue of whether defendant was entitled to an evidentiary hearing on his petition for [PCR]." State v. Porter, 210 N.J. 119 (2012).

### III.

Defendant contends that he received ineffective assistance from trial counsel who failed to investigate an alibi defense, despite the existence of an alibi witness who was willing to testify at trial. Defendant also asserts that trial counsel did not interview a witness who was willing to testify that defendant and Ashford were good friends. Finally, defendant

7

alleges that trial counsel failed to convey a plea offer to him. Defendant presents his own affidavit in support of this claim. Defendant argues that the court erred in dismissing his petition without an evidentiary hearing.

Conversely, the State contends that the court correctly denied defendant's petition without an evidentiary hearing because defendant failed to present a prima facie case of ineffective assistance of trial counsel on any of these points. Specifically, the State argues the alibi testimony from defendant's girlfriend would not have been outcome determinative, due to Veal's "strong identification" of defendant on numerous occasions. According to the State, even if trial counsel's failure to investigate and call defendant's girlfriend as an alibi witness was deficient, it was sound trial strategy because, as a biased witness, Adams' testimony would have lacked credibility and ultimately jeopardized defendant's case.

The State also argues that the court correctly determined that Lundy's testimony was irrelevant, and that accordingly, defendant could not have been prejudiced by the failure to call Lundy as a witness.

Finally, the State argues that there is no evidence in support of defendant's claim that defense counsel failed to communicate any plea agreement offers.

Defendant filed a pro se supplemental brief contending that "the Appellate Division erred by holding that petitioner's ineffective assistance of counsel claim was without merit where counsel failed to object to the trial court's improper and prejudicial questioning of a State's witness" and failed to move for a Wade[1] hearing.

IV.

A.

The Sixth Amendment of the United States Constitution and Article I, paragraph 10 of the New Jersey Constitution require that a defendant receive "the effective assistance of counsel" during a criminal proceeding. See Strickland v. Washington, 466 U.S. 668, 685-86, 104 S. Ct. 2052, 2063, 80 L. Ed. 2d 674, 692 (1984); State v. Fritz, 105 N.J. 42, 58 (1987). The Court adopted Strickland's two-pronged standard for claims pursuant to Article 1, Paragraph 10 of the New Jersey Constitution. Fritz, supra, 105 N.J. at 58.

An ineffective assistance of counsel claim may occur when counsel fails to conduct an adequate pre-trial investigation. Preciose, supra, 129 N.J. at 464; State v. Savage, 120 N.J. 594, 621-22 (1990); State v. Petrozelli, 351 N.J. Super. 14, 23 (App. Div. 2002). "'[C]ounsel has a duty to make reasonable

---

[1] United States v. Wade, 388 U.S. 218, 87 S. Ct. 1926, 18 L. Ed. 2d 1149 (1967).

9

investigations or to make a reasonable decision that makes particular investigations unnecessary.'" State v. Chew, 179 N.J. 186, 217 (2004) (quoting Strickland, supra, 466 U.S. at 691, 104 S. Ct. at 2066, 80 L. Ed. 2d at 695); see also State v. Russo, 333 N.J. Super. 119, 139 (App. Div. 2000) ("'[I]t is the duty of the lawyer to conduct a prompt investigation of the circumstances of the case and explore all avenues leading to facts relevant to guilt and degree of guilt or penalty.'" (quoting The American Bar Association Standards, The Defense Function § 4.1 (1971))); see also Savage, supra, 120 N.J. at 621 (noting American Bar Association guidelines "emphasize the importance of interviewing potential witnesses during pre-trial investigation" (quotation omitted)). A counsel's failure to do so will "'render the lawyer's performance deficient.'" Chew, supra, 179 N.J. at 217 (quoting Savage, supra, 120 N.J. at 618).

Failure to investigate an alibi defense is a serious deficiency that can result in the reversal of a conviction. Indeed, "few defenses have greater potential for creating reasonable doubt as to a defendant's guilt in the minds of the jury [than an alibi]." State v. Mitchell, 149 N.J. Super. 259, 262 (App. Div. 1977).

"[W]hen a petitioner claims his trial attorney inadequately investigated his case, he must assert the facts that an

10

investigation would have revealed, supported by affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification."  State v. Cummings, 321 N.J. Super. 154, 170 (App. Div.) (citing R. 1:6-6), certif. denied, 162 N.J. 199 (1999).  "In that context, [an appellate court] consider[s] petitioner's contentions indulgently and view[s] the facts asserted by him in the light most favorable to him."  Ibid.

B.

Rule 3:22-10(b) addresses evidentiary hearings in the context of PCR claims.  It provides, in pertinent part, that

> [a] defendant shall be entitled to an evidentiary hearing only upon the establishment of a prima facie case in support of [PCR], a determination by the court that there are material issues of disputed fact that cannot be resolved by reference to the existing record, and a determination that an evidentiary hearing is necessary to resolve the claims for relief.
>
> [R. 3:22-10(b).]

The development and resolution of ineffective assistance of counsel claims frequently call for an evidentiary hearing "because the facts often lie outside the trial record and because the attorney's testimony may be required."  Preciose, supra, 129 N.J. at 462; see also Russo, supra, 333 N.J. Super. at 119; State v. Sparano, 249 N.J. Super. 411, 419 (App. Div. 1991).  Therefore, once a defendant presents a prima facie

11

claim, Rule 3:22-10(b), an evidentiary hearing should ordinarily be granted to resolve any ineffective assistance of counsel claims. Preciose, supra, 129 N.J. at 462-63.

The judge deciding a PCR claim should conduct an evidentiary hearing when there are disputed issues of material facts related to the defendant's entitlement to PCR, particularly when the dispute regards events and conversations that occur off the record or outside the presence of the judge. Russo, supra, 333 N.J. Super. at 138 (citing Pyatt, supra, 316 N.J. Super. at 51); see also Pressler & Verniero, Current N.J. Court Rules, comment 2 on R. 3:22-10 (2013) (noting that Preciose "mak[es] clear that [an evidentiary] hearing is required if there is a dispute of fact respecting matters which are not on the record"). In a similar vein, we observed that

> [j]ust as when determining whether a defendant is entitled to an evidentiary hearing in connection with his petition for post-conviction relief the facts should be 'view[ed] in the light most favorable to a defendant,' so too, in determining whether to entertain oral argument, the facts should be viewed through the same generous lens.
>
> [State v. Parker, 212 N.J. 269, 282 (2012) (quoting Preciose, supra, 129 N.J. at 463).]

Certain factual questions, "including those relating to the nature and content of off-the-record conferences between defendant and [the] trial attorney," are critical to claims of ineffective assistance of counsel and can "only be resolved by

12

meticulous analysis and weighing of factual allegations, including assessments of credibility." Pyatt, supra, 316 N.J. Super. at 51.  These determinations are "best made" through an evidentiary hearing.  Ibid.  Even a suspicious or questionable affidavit supporting a PCR petition "must be tested for credibility and cannot be summarily rejected."  State v. Allen, 398 N.J. Super. 247, 258 (App. Div. 2008).

A prima facie case is established when a defendant demonstrates "a reasonable likelihood that his or her claim, viewing the facts alleged in the light most favorable to the defendant, will ultimately succeed on the merits."  R. 3:22-10(b).  In evaluating whether a prima facie claim has been asserted,

> [a]ny factual assertion that provides the predicate for a claim of relief must be made by an affidavit or certification pursuant to Rule 1:4-4 and based upon personal knowledge of the declarant before the Court may grant an evidentiary hearing.
>
> [R. 3:22-10(c).]

However, a defendant is not entitled to an evidentiary hearing if the "allegations are too vague, conclusory, or speculative to warrant an evidentiary hearing[.]"  State v. Marshall, 148 N.J. 89, 158, cert. denied, 522 U.S. 850, 118 S. Ct. 140, 139 L. Ed. 2d 88 (1997).  Rather, defendant must allege

13

specific facts and evidence supporting his allegations.  As was

explained in Cummings, supra, 321 N.J. Super. at 170:

> [I]n order to establish a prima facie claim,
> a petitioner must do more than make bald
> assertions that he was denied the effective
> assistance of counsel.  He must allege facts
> sufficient to demonstrate counsel's alleged
> substandard performance.   Thus, when a
> petitioner claims his trial attorney
> inadequately investigated his case, he must
> assert the facts that an investigation would
> have revealed, supported by affidavits or
> certifications based upon the personal
> knowledge of the affiant or the person
> making the certification.

V.

Turning to the matter at hand, it is abundantly clear that

an evidentiary hearing was warranted.  The court's findings

regarding defendant's and his girlfriend's credibility, based

only on their affidavits, was an improper approach to deciding

this PCR claim and effectively denied defendant an opportunity

to establish ineffective assistance of trial counsel.  An

opportunity to test the veracity of an affidavit has been

properly permitted based on weaker circumstances than these.

For example, in Allen, supra, 398 N.J. Super. at 250-51, the

defendant offered the affidavit of a fellow inmate in support of

his motion for a new trial based upon newly discovered evidence.

Clearly, an affidavit presented by a person under such

circumstances would make a reasonable person question its

veracity.  Yet, the Appellate Division reversed the denial of

14

the motion for failing to conduct an evidentiary hearing.  Id.

at 253.  The Appellate Division held:

> We recognize that post conviction statements of persons who did not testify at trial, particularly when serving time at the same institution as the defendant, are "inherently suspect."  State v. Robinson, 253 N.J. Super. 346, 367 (App. Div.), certif. denied, 130 N.J. 6 (1992).  However, [the inmate affiant's] post-judgment exculpatory statements to third parties, and confirmed by affidavit, must be tested for credibility and cannot be summarily rejected.
>
> [Id. at 258-59; Pyatt, supra, 316 N.J. Super. at 51.]

Here, the court made credibility findings without hearing Adams testify on the asserted alibi defense.  The proper way to determine Adams' veracity was to assess her testimony on direct and cross-examination.  Instead, the court simply speculated that she would be "biased."  There is no substitute for placing a witness on the stand and having the testimony scrutinized by an impartial factfinder.  That did not happen here.

Moreover, we note that the State chose not to present trial counsel as a witness or even submit counsel's affidavit stating the reasons for not calling Adams or presenting an alibi defense.  The court's conclusion had no factual support.  Based upon a review of the trial record, there was no logical basis to conclude that trial counsel's decision was tactical.

15

In sum, with respect to the claim of ineffective assistance of trial counsel based on failure to investigate an alibi defense, we conclude that defendant made out a prima facie showing and raised material facts in dispute. Therefore, defendant was entitled to an evidentiary hearing to fully present this ineffective assistance of counsel claim. We hold that defendant is entitled to a new hearing on that issue.

With respect to Lundy's proffered testimony, we note that defendant was not convicted of any charges concerning Ashford, and that defendant has not made out a prima facie showing of entitlement to a hearing. Nonetheless, the remand judge may consider whether or not trial counsel's failure to investigate Lundy's statement in her certification that Ashford and defendant were good friends, constitutes ineffective assistance of counsel.

That said, we reach a different conclusion with respect to the claim regarding a plea offer. Even construing defendant's affidavit in the light most favorable to him, there is simply no assertion that a plea offer was in fact made that trial counsel did not convey to his client. Defendant failed to make a prima facie showing of such a claim. Thus, he was not entitled to an evidentiary hearing on this issue.

VI.

The judgment of the Appellate Division affirming the denial of the PCR petition without an evidentiary hearing is reversed, and the matter is remanded to the Law Division in order to conduct a new PCR hearing consistent with this opinion.  We direct that this PCR hearing be assigned to a judge who has not previously evaluated the disputed issues.  See State v. Gomez, 341 N.J. Super. 560, 579 (App. Div.) (holding while reversing and remanding, that "it is appropriate to have the case referred to a different trial judge who will be unfettered by [prior decision in the matter]"), certif. denied, 170 N.J. 86 (2001).

CHIEF JUSTICE RABNER, and JUSTICES LaVECCHIA, ALBIN, and PATTERSON, and JUDGE CUFF (temporarily assigned) join in JUDGE RODRÍGUEZ's opinion.

## SUPREME COURT OF NEW JERSEY

NO.   __A-91__                              SEPTEMBER TERM 2011

ON CERTIFICATION TO _____Appellate Division, Superior Court_____

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

          v.

OSCAR PORTER,

     Defendant-Appellant.

DECIDED _____December 19, 2013_____

          Chief Justice Rabner_____ PRESIDING

OPINION BY _____Judge Rodríguez_____

CONCURRING/DISSENTING OPINIONS BY _____

DISSENTING OPINION BY _____

| CHECKLIST | REVERSE AND REMAND | |
| --- | --- | --- |
| CHIEF JUSTICE RABNER | X | |
| JUSTICE LaVECCHIA | X | |
| JUSTICE ALBIN | X | |
| JUSTICE PATTERSON | X | |
| JUDGE RODRÍGUEZ (t/a) | X | |
| JUDGE CUFF (t/a) | X | |
| TOTALS | 6 | |

1