**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2711-18T3

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

RASHAD JACKSON,

     Defendant-Appellant.

_____

Submitted October 27, 2020 – Decided November 30, 2020

Before Judges Fisher and Gilson.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment Nos. 11-09-1742 and 11-09-1743.

Joseph E. Krakora, Public Defender, attorney for appellant (Michele A. Adubato, Designated Counsel, on the brief).

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Matthew Hanley, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Rashad Jackson appeals from an order denying his petition for post-conviction relief (PCR) following oral argument, but without an evidentiary hearing. We affirm because defendant's petition is time-barred under Rule 3:22-12(a)(1) and otherwise lacks merit.

In March 2012, defendant pled guilty to first-degree carjacking, N.J.S.A. 2C:15-2, and second-degree certain persons not to have a weapon, N.J.S.A. 2C:39-7(b). The following month, on April 24, 2012, defendant was sentenced to fifteen years in prison subject to the No Early Release Act, N.J.S.A. 2C:43-7.2, on the carjacking conviction and a concurrent term of eight years in prison subject to the Graves Act, N.J.S.A. 2C:43-6(c), on the weapon conviction.

Over five years later, on June 29, 2017, defendant filed a PCR petition contending that his plea counsel had been ineffective.[1] He was assigned counsel and before the PCR court defendant, with the assistance of PCR counsel, argued his plea counsel had been ineffective by (1) failing to provide him complete discovery and failing to review the discovery with him; (2) failing to interview his mother and girlfriend as potential witnesses; and (3) pressuring him to plead guilty.

Judge Mark S. Ali heard oral arguments on the PCR petition and on December 7, 2018, Judge Ali issued a written opinion and order denying the

---

[1] The petition is dated June 29, 2017, but it is not entirely clear when it was filed. Apparently, the court records reflect a filing date of July 17, 2017.

petition. The judge found that the petition was time-barred, and defendant had failed to show either excusable neglect or that a fundamental injustice would result if the petition was not considered.

Judge Ali also reviewed each of defendant's claims of ineffective assistance of counsel. He found that defendant failed to establish the prongs required to show ineffective assistance. See Strickland v. Washington, 466 U.S. 668, 687 (1984) (a defendant must satisfy a two-part test: (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment[,]" and (2) "the deficient performance prejudiced the defense."); accord State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland test). Finally, Judge Ali found that the defendant was not entitled to an evidentiary hearing because he had failed to establish a prima facie case and failed to provide certifications or affidavits demonstrating prejudice. See State v. Porter, 216 N.J. 343, 353 (2013); R. 3:22-10(b).

On appeal, defendant makes two arguments, which he articulates as follows:

> POINT I – THE CLAIMS IN DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF WERE NOT PROCEDURALLY BARRED

POINT II – THE POST-CONVICTION RELIEF COURT ERRED IN DENYING THE DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING TO FULLY ADDRESS HIS CONTENTION THAT HE FAILED TO RECEIVE ADEQUATE LEGAL REPRESENTATION FROM PLEA COUNSEL.

    A.    LEGAL PRINCIPLES

    B.    FAILURE TO PROVIDE DEFENDANT WITH FULL DISCOVERY AND TO KEEP HIM FULLY INFORMED OF THE STATUS OF CASE[.]

    C.    FAILURE TO CALL CERTAIN WITNESSES[.]

    D.    FAILURE OF ATTORNEY TO GIVE PROPER ADVICE REGARDING DEFENDANT'S DECISION TO PLEAD GUILTY[.]

    E.    FAILURE OF PCR COURT TO CONDUCT AN EVIDENTIARY HEARING[.]

Having conducted a de novo review, we reject these arguments. We affirm essentially for the reasons explained by Judge Ali in his comprehensive written opinion issued on December 7, 2018.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2711-18T3