**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0638-18T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JAWORSKI SNEED, a/k/a
JAWORSKI SNEET,

     Defendant-Appellant.

_____

Submitted December 14, 2020 – Decided December 29, 2020

Before Judges Fasciale and Rothstadt.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 11-10-1910.

Joseph E. Krakora, Public Defender, attorney for appellant (Monique Moyse, Designated Counsel, on the brief).

Theodore N. Stephens, II, Acting Essex County Prosecutor, attorney for respondent (Stephen A. Pogany, Special Deputy Attorney General/Acting Assistant Prosecutor, on the brief).

Appellant filed a pro se supplemental brief.

PER CURIAM

Defendant appeals from a June 28, 2018 order denying his petition for post-conviction relief (PCR). Defendant argues that his trial counsel rendered ineffective assistance by failing to call alibi witnesses, and that he established his prima facie claim for PCR, therefore entitling him to an evidentiary hearing. We agree, reverse, and remand for further proceedings consistent with this opinion.

A jury found defendant guilty of first-degree murder, N.J.S.A. 2C:11-3(a)(1); second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b);[1] and second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4. A judge sentenced defendant to a life term pursuant to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. We upheld the convictions and remanded for resentencing, State v. Sneed, No. A-5865-12 (App. Div. Aug. 5, 2016), and the Supreme Court denied certification. State v. Sneed, 228 N.J. 239 (2016). A judge resentenced defendant to a thirty-years' prison term with a thirty-years' period of parole ineligibility. Thereafter, the PCR judge entered the order under review.

_____

[1] The second-degree unlawful possession of a weapon charge was later merged into first-degree murder charge.

On appeal, defendant raises the following argument for this court's consideration:

POINT I

[DEFENDANT] IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIM THAT HIS ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO INVESTIGATE AND PRESENT AN ALIBI WITNESS.

In his pro se brief, defendant raises the following arguments for this court's consideration, which we have renumbered:

[POINT II]

Since [defendant] presented a prima facie claim that defense counsel was ineffective in failing to present his alibi witness, such deficiency required an evidentiary hearing to be conducted; as such, the PCR [judge] abused [her] discretion in acting as a "thirteenth juror" by concluding that defense counsel's conduct was "strategic[.]"

    A. Standard of Review[.]

    B. The PCR [Judge] Abused [Her] Discretion [i]n Concluding [i]t [w]as [a] "Strategic" Decision [i]n Refusing Brittany Toliver's Alibi Witness Testimony[.]

    C. The PCR [Judge] Abused [Her] Discretion [i]n Concluding [i]t [w]as [a] "Strategic" Decision [i]n Refusing Jimmie Nickerson and Willie Toliver's Alibi Witness Testimony[.]

3

We incorporate the facts as set forth in State v. Sneed, A-5865-12 (App Div. Aug. 5, 2016). At trial, defendant's trial counsel argued that defendant could not have been the shooter because he was not present at the time of the shooting, however trial counsel did not produce witnesses to support defendant's alibi. The State called multiple eyewitnesses who identified defendant as the shooter. S.L. testified that she did not see the shooter's face and stated that she assumed that defendant was the shooter because he was always with J.N. and W.T. R.H. told the police that the shooter was wearing a mask, which would have made a proper identification difficult. W.P. told the police that he could not see the shooter's face because he "had a hoodie and . . . dreadlocks . . . covering his face." J.Y. testified that the shooter was not defendant based on her knowledge of his clothing.

In support of his PCR petition, defendant certified that he was "in the apartment of [B.T.] . . . using her bathroom when the shooting occurred." B.T. confirmed this, certifying that defendant "could not have committed this crime because he was in [her] apartment at the time this crime took place," and although she told defendant's trial counsel that she wanted to testify and waited outside the courtroom to be called as an alibi witness, defendant's trial counsel informed her that her testimony would not be needed. J.N., who was present at

4

the shooting, certified that defendant "was not at the crime scene when the victim was shot and killed[.]" Defendant's mother, C.S., certified that when defendant left her house that day to visit his girlfriend, he was wearing different clothing than the clothing the State's eyewitnesses described the shooter as wearing.

Without conducting an evidentiary hearing, the PCR judge rejected each alibi certification defendant provided as "incredible," and specifically noted that B.T. and J.N.'s certifications were "questionable." As to all the alibi witnesses, the PCR judge found that defendant's witnesses were "lacking, at times incredible," and would not have changed the outcome of defendant's trial because of "the evidence presented at trial." She found J.N.'s certification "questionable" because "five years after [defendant's] conviction he [came] forward and [indicated] that the defendant was not there." The PCR judge assessed the credibility of the affiants as she believed they would have likely been viewed alongside the witnesses at trial. She found that "the credibility of [B.T.'s] testimony would've significantly been outweighed by the other four witnesses." The PCR judge concluded that the proposed testimony was "significantly vague, bias[ed]" and "incredible."

A-0638-18T4

The PCR judge also found that trial counsel's failure to call alibi witnesses was reasonable trial strategy. She specifically found trial counsel's failure to call C.S. was reasonable trial strategy because "there [was] a good reason to question the witness's credibility[.]" She also found that because J.N. was initially on the State's witness list, it was "reasonable [for defendant's trial counsel] to infer that he would've had a proffer based on the reports and the evidence that existed as to what [J.N.] and [W.T.'s] involvement was at the time and the information that they would have." The State did not call J.N. as a witness during trial.

When a PCR court does not hold an evidentiary hearing, this court's standard of review is de novo as to both the factual inferences drawn by the PCR judge from the record and the judge's legal conclusions. State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016).

Although not required, "Rule 3:22-10 recognizes judicial discretion to conduct [evidentiary] hearings." State v. Preciose, 129 N.J. 451, 462 (1992). "A defendant's claim of ineffective assistance of trial and appellate counsel is more likely to require an evidentiary hearing because the facts often lie outside the trial record and because the attorney's testimony may be required." Ibid.

6

To establish a prima facie claim of ineffective assistance of counsel, a defendant must satisfy the two-pronged test enumerated in <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984), which our Supreme Court adopted in <u>State v. Fritz</u>, 105 N.J. 42, 58 (1987).  To meet the first <u>Strickland/Fritz</u> prong, a defendant must establish that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  466 U.S. at 687.  The defendant must rebut the "strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance[.]"  <u>Id.</u> at 689.  Thus, this court must consider whether counsel's performance fell below an object standard of reasonableness.  <u>Id.</u> at 688.

To satisfy the second <u>Strickland/Fritz</u> prong, a defendant must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."  <u>Id.</u> at 687.  A defendant must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."  <u>Id.</u> at 694.  "[I]f counsel's performance has been so deficient as to create a reasonable probability that these

deficiencies materially contributed to defendant's conviction, the constitutional right will have been violated." Fritz, 105 N.J. at 58.

A defendant is only entitled to an evidentiary hearing when he "'has presented a prima facie [claim] in support of [PCR],'" meaning that a defendant must demonstrate "a reasonable likelihood that his . . . claim will ultimately succeed on the merits." State v. Marshall, 148 N.J. 89, 158 (1997) (quoting Preciose, 129 N.J. at 463). A defendant must "do more than make bald assertions that he was denied the effective assistance of counsel" to establish a prima facie claim entitling him to an evidentiary hearing. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). A defendant bears the burden of establishing a prima facie claim. State v. Gaitan, 209 N.J. 339, 350 (2012). We "view the facts in the light most favorable to a defendant to determine whether a defendant has established a prima facie claim." Preciose, 129 N.J. at 463-64.

Our Supreme Court has noted that "[d]etermining which witnesses to call to the stand is one of the most difficult strategic decisions any trial attorney must confront." State v. Arthur, 184 N.J. 307, 320 (2005). "[L]ike other aspects of trial representation, a defense attorney's decision concerning which witnesses to call to the stand is 'an art,' and a court's review of such a decision should be 'highly deferential.'" Id. at 321 (quoting Strickland, 466 U.S. at 693).

"[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." State v. Chew, 179 N.J. 186, 217 (2004) (alteration in original) (quoting Strickland, 466 U.S. at 691). However, counsel's "[f]ailure to investigate an alibi defense is a serious deficiency that can result in the reversal of a conviction. Indeed, 'few defenses have greater potential for creating reasonable doubt as to a defendant's guilt in the minds of the jury [than an alibi].'" State v. Porter, 216 N.J. 343, 353 (2013) (second alteration in original) (quoting State v. Mitchell, 149 N.J. Super. 259, 262 (App. Div. 1977)). Counsel's decision to "forego evidence that could have reinforced [an] alibi" may "[fall] below the objective standard of reasonableness guaranteed by the United States and New Jersey constitutions." State v. Pierre, 223 N.J. 560, 583 (2015). So long as an alibi witness could bolster the defense or refute the State's position if believed by the jury, the testimony of an alibi witness need not be without credibility issues. Id. at 586-88. If the testimony of a witness who was not presented at trial or properly investigated by counsel could have had a reasonable probability of altering the outcome of the trial, a court should find that "counsel's errors were sufficiently serious so as to undermine confidence that defendant's trial was fair, and that the jury properly convicted him." Id. at 588.

The testimony of a defendant's alibi witness that is supported by a witness's affidavit or certification should not be dismissed as not credible without an evidentiary hearing to make a proper credibility determination. See State v. Jones, 219 N.J. 298, 314 (2014) (noting that "[a]lthough the timing and motivation of [the alibi witness's] statement and [their] reason for not voluntarily appearing to testify as apparently had been expected raise important questions, those questions cannot be assessed and resolved without determining credibility"); Porter, 216 N.J. at 356 (noting that "[t]he court's findings regarding defendant's and his girlfriend's credibility, based only on their affidavits, was an improper approach to deciding this PCR claim and effectively denied defendant an opportunity to establish ineffective assistance of trial counsel"). Even when a defendant's witness's affidavit or certification appears "suspicious or questionable," they "'must be tested for credibility and cannot be summarily rejected.'" Porter, 216 N.J. at 355 (quoting State v. Allen, 398 N.J. Super. 247, 258 (App. Div. 2008)). "Assessments of credibility [are] the kind of determinations 'best made through an evidentiary proceeding with all its explorative benefits, including the truth-revealing power which the opportunity to cross-examine bestows.'" Id. at 347 (quoting State v. Pyatt, 316 N.J. Super. 46, 51 (App. Div. 1998)).

A-0638-18T4

Viewing the facts in the light most favorable to the defendant, defendant has established a prima facie claim of ineffective assistance of counsel. Defendant's alibi was that he was not present at the time of the shooting. However, defendant's trial counsel failed to call witnesses that would have corroborated defendant's alibi, and therefore fell below the objective standard of reasonableness. See Pierre, 223 N.J. at 583 (noting that counsel's choice to forego evidence that could have bolstered an alibi defense "fell below the objective standard of reasonableness" and met the first prong of Strickland/Fritz). Defendant's trial counsel called no witnesses of his own to support defendant's alibi defense, even knowing that B.T. was ready and willing to testify on defendant's behalf. Additionally, defendant's alibi defense carried a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. Establishing defendant's alibi that he was not present at the time of the shooting through B.T., J.N., and C.S.'s testimony could reasonably have affected the outcome of the trial. Therefore, defendant has met both prongs of Strickland/Fritz.

Therefore, the PCR judge should have conducted an evidentiary hearing to resolve credibility issues relating to defendant's alibi witnesses. The PCR

11

judge made credibility determinations as to defendant's alibi witnesses based solely on the certifications and speculated that some may be biased. But "the proper way to determine [an alibi witness's] veracity [is] to assess [their] testimony on direct and cross-examination." Porter, 216 N.J. at 356.

In fairness to the PCR judge, since she previously made credibility findings, we direct that the evidentiary hearing be conducted by a different judge. See State v. Gomez, 341 N.J. Super. 560, 579 (App. Div. 2001) (reversing and remanding with instructions to assign a different trial judge "who [would] be unfettered by comments on the record which could be interpreted as an advance evidential ruling on admissibility").

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0638-18T4