# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0411-19

STATE OF NEW JERSEY,

    Plaintiff-Appellant,

v.

WILLIAM P. JIMBO-AUCAPINA,
a/k/a WILLIAM PATRICIO
ACUAPINA,

    Defendant-Respondent.

_____

Submitted January 25, 2021 – Decided February 10, 2021

Before Judges Messano and Hoffman.

On appeal from the Superior Court of New Jersey, Law Division, Morris County, Indictment No. 15-06-0632.

Joseph E. Krakora, Public Defender, attorney for appellant (Frank M. Gennaro, Designated Counsel, of counsel and on the brief).

Fredric M. Knapp, Morris County Prosecutor, attorney for respondent (Paula Jordao, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant William Jimbo-Aucapina appeals the denial of his petition for post-conviction relief (PCR) without an evidentiary hearing. Defendant pled guilty to second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1) (causing or attempting to cause serious bodily injury), and the lesser-included offense of third-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a)(2). Defendant admitted under oath repeatedly stabbing his ex-wife, including after their ten-year-old daughter walked into the room. In accordance with the plea bargain, the judge sentenced defendant to a seven-year term of imprisonment on the aggravated assault, subject to the No Early Release Act, N.J.S.A. 2C:43-7.2, and a consecutive three-year term of imprisonment on the endangering conviction.

With the assistance of appointed counsel, defendant filed a timely PCR petition alleging ineffective assistance of plea counsel.[1] Specifically, stated he "did not speak English well at all," and he certified that plea counsel only spoke to him three times prior to the guilty plea and was accompanied only once by a Spanish interpreter. Although counsel supplied defendant with some of the discovery, defendant did not read or understand English and plea counsel never

[1] In his pro se petition, defendant said that he would be deported to Ecuador upon completion of his sentence, and he only sought a sentence reduction so he could be returned to his "home country" sooner.

reviewed discovery with him. Defendant asserted counsel never told him the plea bargain included consecutive sentences, and defendant understood that the prosecutor had offered a lesser sentence recommendation of six years' imprisonment.

Judge David H. Ironson, who was not the plea or sentencing judge, considered oral argument on the petition. In a comprehensive oral opinion, Judge Ironson reviewed the relevant case law, in particular the two-prong test for evaluating claims of ineffective assistance of counsel formulated in Strickland v. Washington, 466 U.S. 668, 687 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987).

The judge noted that a certified Spanish interpreter translated for defendant at the time of his guilty plea. At that time, under oath, defendant acknowledged reviewing the plea form with his attorney and the interpreter. Judge Ironson reviewed in detail the plea proceedings, including the plea judge's explicit explanation to defendant that the State would recommend the court impose consecutive sentences. He further noted the plea judge told defendant "the State will recommend a total of [ten] years in New Jersey [S]tate [P]rison . . . ." Judge Ironson concluded that "viewing these facts in a light most favorable to the defendant, the proofs fail to establish that . . . defense counsel's

3

representation was deficient." Judge Ironson also concluded defendant failed to prove the second prong of the Strickland/Fritz test, i.e., that but for counsel's deficient performance the result of the proceedings would have been different.

Before us, defendant contends he demonstrated a prima facie case of ineffective assistance of counsel because his attorney failed to review all the discovery and failed to use an interpreter when discussing the plea bargain. We disagree and affirm substantially for the reasons expressed by Judge Ironson. We add only the following brief remarks.

To establish a viable claim of ineffective assistance of counsel (IAC), a defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." Fritz, 105 N.J. at 52 (quoting Strickland, 466 U.S. at 687). Additionally, a defendant must prove he suffered prejudice due to counsel's deficient performance. Strickland, 466 U.S. at 687. "In the specific context of showing prejudice after having entered a guilty plea, a defendant must prove 'that there is a reasonable probability that, but for counsel's errors, [he or she] would not have pled guilty and would have insisted on going to trial.'" State v. Gaitan, 209 N.J. 339, 351 (2012) (alteration in original) (quoting State v. Nuñez-Valdéz, 200 N.J. 129, 139 (2009)). Our rules anticipate the need to hold an evidentiary hearing on IAC

A-0411-19

claims "only upon the establishment of a prima facie case in support of post-conviction relief[.]" R. 3:22-10(b).

Simply put, there is no evidence supporting defendant's bald assertions that trial counsel failed to communicate with him or review discovery. See State v. Porter, 216 N.J. 343, 355 (2013) (a defendant's PCR petition must contain "specific facts and evidence supporting his allegations"). As Judge Ironson aptly found, the transcript of the plea proceedings belies any support for defendant's other claims of ineffective assistance of counsel. Lastly, defendant never asserted in either his pro se or counsel-assisted certification that but for counsel's errors, he would not have pled guilty. Nunez-Valdez, 200 N.J. at 139 (citing State v. DiFrisco, 137 N.J. 434, 457 (1994)).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0411-19