**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."  Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited.  R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2152-19

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

THOMAS L. COAR,
a/k/a THOMAS COAR,
THOMAS PARKER and DEVINE,

     Defendant-Appellant.

_____

Submitted March 23, 2021 – Decided April 9, 2021

Before Judges Yannotti and Mawla.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment Nos. 14-03-0746 and 14-03-0747.

Joseph E. Krakora, Public Defender, attorney for appellant (Steven M. Gilson, Designated Counsel, on the brief).

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Matthew E. Hanley, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Thomas L. Coar appeals from an October 24, 2019 order denying his petition for post-conviction relief (PCR). We affirm.

We recounted the salient facts in a prior appeal affirming defendant's convictions and sentence as follows:

> [A] jury convicted defendant on two counts of first-degree robbery, N.J.S.A. 2C:15-1; one count of third-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b)[;] and two counts of third-degree possession of a weapon for unlawful purpose, N.J.S.A. 2C:39-4(a). Subsequent to his conviction, defendant pled guilty to second-degree possession of a weapon by a convicted felon, N.J.S.A. 2C:39-7(a). . . .
>
>  . . . On October 6, 2013, Jose Tandazo and Rommel Bravo were standing outside of Tandazo's residence in Newark after their work shift ended at a local restaurant. As Tandazo and Bravo were parting ways, they were approached by two individuals, one of whom produced a gun, pointed it at Tandazo's head, and demanded money. Bravo noticed a Newark police vehicle approaching and flagged it down causing the two suspects to flee. Officer Miguel Ressurreicao exited his police vehicle and gave chase. Officer Ressurreicao saw that one of the two suspects was wearing camouflage and holding a gun.
>
> During the foot chase the two suspects separated and Officer Ressurreicao testified he followed the one wearing camouflage to the parking lot of a nearby Walgreens. There, he discovered defendant who was wearing camouflage and "fumbling with the garbage" and arrested him. Officer John Stutz and a third officer

2

were dispatched to the scene. Officer Stutz testified he recovered a BB gun in an alleyway adjacent to the Walgreens parking lot. Subsequent testing of the gun did not yield any fingerprints of value.

At trial, Tandazo testified to the incident and stated the man with the gun was clean shaven. Defendant's booking photo, introduced into evidence, showed him with a full beard. Bravo also testified and recounted the incident in a similar fashion to Tandazo. Neither Bravo nor Tandazo identified defendant as one of the two men who tried to rob them. Officer Ressurreicao was the only witness to link defendant to the robbery.

[State v. Coar, No. A-4378-15 (App. Div. Jan. 22, 2018) (slip op. at 1-3).]

In August 2018, defendant filed a pro se PCR petition arguing ineffective assistance of trial counsel, but failed to articulate a basis on which the court could grant him relief. Defendant's assigned PCR counsel filed a more formal petition and brief, and appeared with defendant for an initial hearing on March 8, 2019. At the initial hearing, the judge understood defendant's claim was based on trial counsel's failure to investigate witnesses who would exculpate him. The PCR judge adjourned the hearing to enable defendant to confer with his counsel in order to file "an affidavit or a certification of the type required under the [Rules] in order for the [c]ourt to consider granting an [e]videntiary [h]earing

later on sounding of [i]neffective [a]ssistance of [c]ounsel for failure to investigate witnesses . . . ."

An evidentiary hearing occurred on August 5 and September 27, 2019. Defendant testified he had "quite a few disagreements about what [trial counsel] was doing, or whether or not he even knew what he was doing, actually. Because I wanted to have one of the guys [who] was . . . the manager of the Walgreens [testify]." Defendant claimed the Walgreens manager would have placed him "inside Walgreens, when the crime actually happened . . . [b]ecause we were standing at the counter talking. I was in there for cough medication . . . ." Defendant claimed the manager's name was Louis Mercado and he discussed calling the witness with trial counsel who "just kind of like ignored me. We had an argument . . . over it."

On the second day of the evidentiary hearing, the State called defendant's trial counsel to testify. Trial counsel stated he spent approximately 1200 hours on the case, investigated the crime scene, and reviewed the entire file with defendant, which was provided by his prior trial counsel. However, trial counsel denied defendant provided any alibi or exculpatory information to him stating: "As far as I know, both orally and written, directly and indirectly, I did not get

anything that would have led us to be able to exculpate [defendant]. I would have used it, . . . in my [m]otion to [d]ismiss [the] [i]ndictment."

Trial counsel also testified he had no reason to visit the Walgreens or interview witnesses at the Walgreens because defendant informed counsel he was arrested in "an alley that he was running through" that was "very close to Walgreens." Counsel testified the discovery provided by the State contained no information about Mercado. Moreover, defendant did not identify any witnesses and never mentioned Mercado's name "[f]rom November 12[], 2015, when [counsel] took up his case through April 22, 2016[,] when [it] was completed and [he] was sentenced, never one time."

Trial counsel testified the first time he heard Mercado's name "was when [defendant] wrote [counsel] a letter, which was on August 18[], 2019." He testified he would have acted on the information if he received Mercado's name during the pre-trial or trial stage of the case because "it's significant, [an] alibi's big." Trial counsel explained the defense strategy was to put the State to its proofs, and assert that the State lacked the evidence to meet its burden of proof.

On October 24, 2019, the PCR judge issued a written decision denying defendant's petition. The judge found as follows:

> This court granted an evidentiary hearing limited to the question of whether defendant told counsel that

5

there was an alibi witness whom counsel failed to "file a certification [from the alibi witness]. Here, [d]efendant argues that counsel was defective for failing to investigate and interview an alibi witness. Defendant did not, however, provide "affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification[]" to assert the facts that an investigation would have revealed." [State v. Porter, 216 N.J. 343, 355 (2013).]

. . . .

. . . . At the evidentiary hearing[, defendant's] trial attorney testified that he did not . . . interview any witnesses. He was not told of any alibi witnesses. . . .

. . . .

In addressing an ineffective assistance claim based on counsel's failure to call an absent witness, a PCR court must unavoidably consider whether the absent witness's testimony would address a significant fact in the case, and assess the absent witness's credibility. [See McCauley-Bey v. Delo,] 97 F.3d 1104[,] 1106 (8th Cir. 1996) (stating that the absent witness's credibility "is a part of determining prejudice") . . . .

However, the assessment of an absent witness's credibility is not an end in itself. Rather, it is a factor in the court's determination whether there is a reasonable probability that, but for the attorney's failure to call the witness, the result would have been different[,] that is, there would have been reasonable doubt about the defendant's guilt. In considering the impact of the absent witness, a court should consider "[(]1) the credibility of all witnesses, including the likely impeachment of the uncalled defense witnesses;

6

(2) the interplay of the uncalled witnesses with the actual defense witnesses called[;] and (3) the strength of the evidence actually presented by the prosecution." [Ibid.] All three factors derive from the court's obligation under [Strickland v. Washington, 466 U.S. 668, 695 (1984)] to consider the totality of the evidence in making its prejudice determination.

. . . .

The testimony of [the Walgreens manager] would have been particularly vulnerable on cross examination. Defendant was arrested in the parking lot after having been seen standing near the trash can and rummaging in the trash. The arresting officer recovered a gun from this trash receptacle. The clothing description given by the victim(s) matched the clothing worn by the defendant. Had the manager been identified and interviewed there is nothing before the court that supports a finding that the manager would have had any reason to recall the defendant. The evidence adduced at trial was more than sufficient to establish beyond a reasonable doubt the guilt of the defendant. Defendant's allegation of ineffective assistance of counsel fails to support a finding that the result of the trial is unreliable because counsel's failures. [Id. at 696.]

Defendant raises the following point on this appeal:

THE DEFENDANT'S CONVICTIONS MUST BE REVERSED BECAUSE TRIAL COUNSEL FAILED TO PURSUE AN ALIBI DEFENSE.

"Post-conviction relief is New Jersey's analogue to the federal writ of habeas corpus." State v. Pierre, 223 N.J. 560, 576 (2015) (quoting State v.

7

Preciose, 129 N.J. 451, 459 (1992)).  It serves as a safeguard to ensure that a criminal defendant was not unfairly convicted and is the "last line of defense against a miscarriage of justice."  State v. Nash, 212 N.J. 518, 526 (2013).

Our review of a PCR claim after a court has held an evidentiary hearing "is necessarily deferential to [the] PCR court's factual findings based on its review of live witness testimony."  Id. at 540.  Where an evidentiary hearing has been held, we should not disturb "the PCR court's findings that are supported by sufficient credible evidence in the record."  Pierre, 223 N.J. at 576 (quoting Nash, 212 N.J. at 540).  We review any legal conclusions of the trial court de novo.  Nash, 212 N.J. at 540-41; State v. Harris, 181 N.J. 391, 419 (2004).

When a petitioner claims ineffective assistance of counsel as a basis for relief, he must satisfy two prongs:  counsel's performance was deficient, and but for those errors, he would not have been convicted.  See Strickland, 466 U.S. at 687, 694; State v. Fritz, 105 N.J. 42, 58 (1987).  As relevant here, one ground for post-conviction relief asks whether there has been a "[s]ubstantial denial in the conviction proceedings of defendant's rights under the Constitution of the United States or the [c]onstitution or laws of the State of New Jersey."  R. 3:22-2(a).  A criminal defendant's right to counsel, under the Sixth Amendment of the United States Constitution and article I, paragraph 10 of the New Jersey

Constitution, includes the right to adequate legal advice. Strickland, 466 U.S. at 686; Fritz, 105 N.J. at 58.

There is a strong presumption counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690. Further, because prejudice is not presumed, Fritz, 105 N.J. at 52, the defendant must demonstrate "how specific errors of counsel undermined the reliability" of the proceeding, United States v. Cronic, 466 U.S. 648, 659 n.26 (1984).

Defendant asserts the PCR judge "egregiously downplayed the impact of the alibi defense," particularly since Tandazo and Bravo were unable to identify defendant and Officer Ressurreicao's testimony linking defendant to the crime was tenuous. We disagree and affirm substantially for the reasons expressed in the PCR judge's opinion. We add the following observations.

The "[f]ailure to investigate an alibi defense is a serious deficiency that can result in the reversal of a conviction." Porter, 216 N.J. at 353. Indeed, "few defenses have greater potential for creating reasonable doubt as to a defendant's guilt in the minds of the jury [than an alibi]." Ibid. (alterations in original) (quoting State v. Mitchell, 149 N.J. Super. 259, 262 (App. Div. 1977)). "[W]hen a petitioner claims his trial attorney inadequately investigated his case, he must

assert the facts that an investigation would have revealed, supported by affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification." State v. Cummings, 321 N.J. Super 154, 170 (1999).

The sufficient credible evidence adduced at the evidentiary hearing proves defendant's trial counsel was not ineffective for failing to call Mercado because there was no evidence presented establishing counsel knew of Mercado as a potential witness prior to or during the trial. Furthermore, defendant presented no certification from Mercado evidencing the alleged alibi. Most importantly, the record does not convince us the failure to adduce Mercado's testimony prejudiced the outcome of defendant's case. The State's evidence proved defendant was the perpetrator based upon Officer Ressurreicao's testimony that he chased defendant, never lost sight of him, and arrested him in the Walgreens parking lot, as well as the testimony from Officer Stutz that the gun was recovered near the scene of the arrest. Therefore, the generalized assertion Mercado's purported testimony would be he interacted with defendant inside the Walgreens was unavailing and undermined the defense strategy the State lacked the proofs necessary to obtain a conviction.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2152-19