# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2443-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ALEXANDER DEMETROUDIS,
a/k/a ALEX DEMETROUDIS,

    Defendant-Appellant.

_____

Submitted April 30, 2024 – Decided May 14, 2024

Before Judges Gooden Brown and Bergman.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment Nos. 16-08-1145 and 16-10-1284.

Jennifer Nicole Sellitti, Public Defender, attorney for appellant (Phuong V. Dao, Designated Counsel, on the brief).

Esther Suarez, Hudson County Prosecutor, attorney for respondent (Stephanie Davis Elson, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Alexander Demetroudis appeals from an order denying his application for post-conviction relief (PCR) claiming ineffective assistance of counsel.

On appeal, defendant argues:

POINT I

DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL BECAUSE HE FAILED TO ARGUE DEFENDANT'S MENTAL DISORDER AS A MITIGATING FACTOR.

(a) Defendant had memory loss and was mentally impaired during the commission of the crime, and his trial counsel failed to raise this as a mitigating factor.

POINT II

DEFENDANT HAS MADE A PRIMA FACIE SHOWING OF INEFFECTIVE ASSISTANCE OF COUNSEL, AND THUS, THE PCR COURT ERRED IN NOT GRANTING AN EVIDENTIARY HEARING.

Concluding there is no merit to these arguments, we affirm based on the well-reasoned written opinion of Judge Nesle A. Rodriguez.

I.

The procedural history and background facts which follow are undisputed.

A-2443-22

Defendant was indicted by a Hudson County Grand Jury under Indictment Nos. 16-08-1145 and 16-10-1284. Indictment No. 16-08-1145 charged defendant with the following counts: count one, first degree robbery, pursuant to N.J.S.A. 2C:15-1(a)(2); count two, second degree attempted aggravated sex assault during robbery, pursuant to N.J.S.A. 2C:5-1(a)(1), :14-2(a)(3); and count three, second degree aggravated assault, pursuant to N.J.S.A. 2C:12-1(c)(1). Indictment No. 16-10-1284 charged defendant with the following counts: count one, second degree robbery, pursuant to N.J.S.A. 2C:15-1(a)(1); and count two, fourth degree hindering apprehension, pursuant to N.J.S.A. 2C:29-3(b)(4).

On May 1, 2017, defendant entered a negotiated guilty plea to count one, first degree robbery and count two, second degree attempted sexual assault, under Indictment No. 16-08-1145, as well as count one, second degree robbery under Indictment No. 16-10-1284. In return, the State agreed to dismiss all remaining charges and recommend an aggregate sentence of eighteen years in prison subject to an eighty-five percent parole ineligibility period under the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2.

At the plea hearing, defendant admitted that on the date and time in question, while in the city of Hoboken, he attempted to commit a theft on a female victim. Defendant admitted that during the attempted theft, he pushed

the victim to the ground and caused bodily injuries. Defendant also admitted that on a prior date, while in Jersey City, he attempted to commit another theft on a different female victim. Defendant admitted that he pushed her to the ground and her head struck the curb. Defendant further admitted he tried to sexually penetrate the victim and asked her to perform a sexual act.

During the plea hearing, defendant stated he was not under the influence of any medications that would affect his ability to think clearly, and he explained he was diagnosed with bipolar disorder and had been on medications during the year prior. Defendant added he was able to make informed decisions and he did not have any concerns about his mental health as he stood before the court. Defendant stated he understood the terms of the plea agreement and the sentence. He also testified he understood the sentence would be imposed to run concurrently with an unrelated sentence that he was serving. Defendant acknowledged reading, reviewing, and writing his initials on the plea forms, and he further acknowledged he signed the forms voluntarily.

Defendant also stated he had been given enough time to speak to his trial counsel, discovery had been reviewed with him and he was satisfied with the services of his trial counsel. Defendant stated nobody forced, threatened, or promised him anything that was causing him to plead guilty.

Defendant further stated he understood the additional penalties based upon him pleading guilty to a sexual offense. Defendant acknowledged he had some memory lapse during the commission of the crimes, but such a condition was not a viable defense. He testified he spoke with plea counsel about the fact he was under the influence of illicit drugs and prescribed medications at the time of the offenses and agreed with his counsel these factors did not rise to the level of a defense.

Defendant was sentenced on September 29, 2017. Judge Rodriguez was also the sentencing judge and she imposed a sentence of eighteen years, subject to NERA, on each indictment, to run concurrent with each other, pursuant to the terms in the plea agreement. The judgment of conviction was amended on November 17, 2017, to add the required mandatory five years of parole supervision.

Defendant appealed the sentence as excessive on our Excessive Sentence Oral Argument calendar pursuant to Rule 2:9-11 and we affirmed defendant's sentence. State v. Demetroudis, No. A-1961-17 (Apr. 11, 2018).

On October 15, 2021 defendant filed a pro se petition for PCR. Subsequently, in December 2021, defendant was assigned counsel. Arguments were held before Judge Rodriguez on October 24, 2022. On October 27, 2022,

an order was entered denying defendant's petition based on the reasons set forth in a written opinion which accompanied the order. This appeal followed.

## II.

Reprising his arguments made at the PCR hearing, defendant asserts plea counsel was ineffective by failing to raise issues at the plea and sentencing hearings concerning defendant's mental illness and the effect of medications he was taking at the time of the offenses. Defendant asserts these factual circumstances supported the imposition of a lesser sentence under mitigating factor three, N.J.S.A. 2C:44-1(b)(3) (defendant acted under strong provocation), and four, N.J.S.A. 2C:44-1(b)(4) (substantial grounds tending to excuse or justify defendant's conduct though not establishing a defense). Defendant argues because his counsel failed to assert these points at sentencing, he is entitled to PCR based on ineffective counsel.

Defendant also posits the trial court erred by not holding an evidentiary hearing to address disputed factual issues including defendant's assertion, despite plea counsel's representation otherwise, that counsel had not spoken to defendant's doctor about the viability of a defense being raised concerning his mental illness and the effect his medications had on his mental state at the time of the offenses.

6

When a PCR court does not conduct an evidentiary hearing, we review the denial of the petition de novo. State v. Harris, 181 N.J. 391, 420-21 (2004); State v. Lawrence, 463 N.J. Super. 518, 522 (App. Div. 2020). A PCR court's decision to proceed without an evidentiary hearing is reviewed for an abuse of discretion. State v. Vanness, 474 N.J. Super. 609, 623 (App. Div. 2023) (citing State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013)).

A petitioner is not automatically entitled to an evidentiary hearing. State v. Porter, 216 N.J. 343, 355 (2013). Rule 3:22-10(b) provides that a defendant is entitled to an evidentiary hearing on a PCR petition only if a defendant establishes a prima facie case in support of PCR, material issues of disputed fact cannot be resolved by reference to the existing record, and an evidentiary hearing is necessary to resolve the claims for relief. Id. at 354 (citing R. 3:22-10(b)). The PCR court should grant an evidentiary hearing "if a defendant has presented a prima facie claim in support of [PCR]." State v. Preciose, 129 N.J. 451, 462 (1992). In order to make out a prima facie claim of ineffective assistance of counsel, a party "must demonstrate the reasonable likelihood of succeeding under the test set forth in Strickland v. Washington, 466 U.S. 668,

694 (1984), and <u>United States v. Cronic</u>, 466 U.S. 648 (1984), which we adopted in <u>State v. Fritz</u>, 105 N.J. 42, 58 (1987)." <u>Preciose</u>, 129 N.J. at 463.

To satisfy the two-prong <u>Strickland/Fritz</u> test, a defendant must show that: (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) "the deficient performance prejudiced the defense." <u>Strickland</u>, 466 U.S. at 687; <u>accord Fritz</u>, 105 N.J. at 58.

IV.

The record reflects the plea judge specifically questioned defendant concerning his bipolar diagnosis. The colloquy between the court and defendant follows:

> [THE COURT]: Have you been diagnosed with any mental health illnesses that would affect your ability to make a decision?
>
> [DEFENDANT]: I was diagnosed, bipolar, one . . .
>
> [THE COURT]: Okay.
>
> [DEFENDANT]: . . . but I'm on the medication. I've been on the medication for the past year.
>
> [THE COURT]: Okay. And when you're on the medication, is your mind free and clear?
>
> [DEFENDANT]: Yes.

8

[THE COURT]: Okay. And can you make informed decisions in the state that you are in today?

[DEFENDANT]: Yes, Ma'am.

[THE COURT]: And do you understand everything I'm saying?

[DEFENDANT]: Yes.

[THE COURT]: Do you have any concerns about your mental health illness as you stand here today?

[DEFENDANT]: No.

This exchange between the court and defendant clearly shows that defendant was questioned whether he had any concerns about his mental health illness and answered "No." Defendant did not make any claim at the plea hearing that his bipolar one disorder affected his actions on the dates the crimes were committed.

In addition, the plea judge specifically addressed defendant's possible defense concerning the effects of the medications he was taking for his bipolar disorder at the time of the offense and specifically asked defendant about his agreement with his counsel that the medications he was taking did not rise to the level of a defense. Defendant made a new argument in his PCR petition, professing his counsel never discussed the viability of a defense with his doctor. Despite this allegation, at the time of the plea defendant answered "Yes" to this

9

inquiry under oath when the judge inquired if a discussion took place with defense counsel concerning these possible defenses.

After a thorough review of the record, we determine Judge Rodriguez's denial of defendant's petition without a hearing was appropriate.

Based on our review of the record, we determine the judge did not abuse her discretion by denying an evidentiary hearing because defendant has failed to present a prima facie case based on ineffective counsel. We agree with the judge that defendant failed to present any disputed genuine factual issues indicating that he had ineffective counsel which rose to a prima facie level. As found by the judge, the specific arguments offered by defendant in support of his appeal were all addressed at the time of the plea hearing, including his possible defenses based on his history of mental illness and the effect of medications he was taking at the time of the offenses.

As the judge found, the plea and sentencing records clearly demonstrate plea counsel was aware of the fact defendant was diagnosed with bipolar disorder and he was taking medications for this condition at the time of the commission of the crimes. Plea counsel and the court addressed these facts directly with defendant. At the plea hearing, in response to a question from the plea judge, defendant stated there was a consideration of the effects of the

medications he was taking as part of a possible defense and he agreed that his counsel discussed this possibility with him. He further agreed with his counsel that it was not a viable defense.

We also determine there is no credence to defendant's argument that plea counsel's failure to argue mitigating factor three (provocation) was a mistake that resulted in defendant receiving a longer sentence. We concur with the PCR judge's finding relying on State v. Jasuilewicz, 205 N.J. Super. 558, 576 (App. Div. 1985), that provocation is based on the behavior or acts of the victim, not based on a medical condition or medications being taken by the defendant. The factual basis in the record supported the judge's finding which clearly showed no provocation was exhibited by either of the victims. We determine there was no abuse of discretion concerning this finding.

We further conclude plea counsel's failure to raise mitigating factor four (substantial grounds tending to excuse or justify defendant's conduct though not establishing a defense) is unpersuasive and did not rise to the level plea counsel was ineffective. Although mitigating factor four was not specifically referenced in plea counsel's sentencing argument, the effect of defendant's mental disability and the effect of his medications were specifically argued throughout the

11

proceeding in support of defendant's request for a minimum or lesser sentence to be imposed upon him as found by the PCR judge.

Additionally, concerning factor four, in her written decision, the judge found defendant failed to mention the voluntary consumption of narcotics, which he was under the influence of at the time the offenses were committed, in his PCR petition. The PCR judge distinguished mitigating factor four from the scenario in this matter, finding it applies in cases in which a defendant had no control over the circumstances giving rise to their behavior. The judge found at sentencing, defendant acknowledged he was also under the influence of cocaine and alcohol during the commission of the crimes. Defendant also claimed he was under the influence of medications he was taking for his bipolar disorder. The judge found defendant was "incorrectly applying the standard by attempting to justify or excuse his behavior showing drug dependency." We agree. Arguing factor four would have been a tenuous argument at best, when considering defendant would have been required to parse out the effect of his medications from the effects of the cocaine and alcohol he admitted being influenced by at the time the offenses were committed.

Furthermore, counsel's "failure to raise unsuccessful legal arguments does not constitute ineffective assistance of counsel." State v. Worlock, 117 N.J. 596,

12

625 (1990). Based on our careful review of the record, we conclude any efforts by plea counsel to argue those mitigating factors would have been unsuccessful.

Lastly, we determine no prejudice to defendant occurred even if his arguments concerning plea counsel's alleged misgivings were determined to be sufficient. We conclude the results would not have been different. Defendant negotiated a plea wherein certain charges were dropped based on his guilty plea to other offenses. Defendant acknowledged his total sentencing exposure was forty years based on the charges to which he pled guilty. As a result of the plea agreement, he was sentenced to eighteen years with an eighty-five percent period of parole ineligibility under NERA, which was significantly less than the maximum sentence permitted. We determine an eighteen-year NERA sentence would not be unreasonable under the circumstances even if the facts supporting defendant's argument under Strickland's prong one was found to have merit.

We conclude defendant has failed to establish the performance of his counsel was substandard, or but for any of the alleged errors, the result would have been different. See Strickland, 466 U.S. at 687-88. An evidentiary hearing is necessary only if a petitioner presents sufficient facts to make out a prima facie claim of ineffective assistance of counsel, which is not present in this matter. See Preciose, 129 N.J. at 462-63; R. 3:22-10(b).

13

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-2443-22