**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1591-23

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

DAREN C. BLACK, a/k/a
DARREN BLACK,
MAKIK CARTER, ABDUL
SMITH, SHAWN L. CARTER,
JERRY CARTER, and
TERRLL JONES,

     Defendant-Appellant.

_____

Submitted December 16, 2024 – Decided April 16, 2025

Before Judges Berdote Byrne and Jacobs.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 18-11-3789.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Lee March Grayson, Designated Counsel, on the brief).

Theodore N. Stephens, II, Essex County Prosecutor, attorney for respondent (Stephen A. Pogany, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Daren C. Black appeals from a November 15, 2023 order denying his petition for post-conviction relief ("PCR"), arguing the PCR court erred in finding he did not establish a prima facie case for relief and in failing to provide him with an evidentiary hearing. We affirm.

I.

Following a homicide in 2020, defendant was charged with first-degree murder, N.J.S.A. 2C:11-3(a)(1)(2) ("count one"); second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b)(1) ("count two"); second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a)(1) ("count three"); and second-degree disturbing, desecrating human remains, N.J.S.A. 2C:22-1(a)(1) ("count four"). Defendant subsequently pleaded guilty to an amended count one, first-degree aggravated manslaughter, N.J.S.A. 2C:11-4(a)(1); and count two. The remainder of defendant's charges were dismissed, and defendant was sentenced in accordance with the plea agreement to an aggregate fifteen-year prison term, subject to the No Early Release Act, N.J.S.A. 2C:43-7.2. Defendant filed a direct appeal of his sentence, arguing the trial

judge improperly failed to find any mitigating factors. We affirmed defendant's sentence, concluding the trial judge "gave detailed reasons to support the sentence in accordance with the plea agreement" and "the sentence was not manifestly excessive or unduly punitive and did not constitute an abuse of discretion." State v. Black, No. A-0205-21 (App. Div. Jan. 10, 2022).

Defendant then filed the present PCR petition. The PCR court denied defendant's petition, concluding defendant had failed to make a prima facie showing of ineffective assistance of counsel. The PCR court also declined to hold an evidentiary hearing, finding "[t]he transcripts of the plea hearing and sentencing did not elucidate any issues that could not have been determined through the submitted certifications and briefs." This appeal followed.

## II.

Defendant argues the PCR court erred in concluding he had failed to demonstrate a prima facie case of ineffective assistance of counsel and in denying him an evidentiary hearing. Specifically, defendant argues defense counsel failed to present any mitigating factors for the sentencing court to

consider and, but for this alleged failure, he would have received a more favorable sentence.[1]

We review the denial of defendant's petition de novo because there was no PCR evidentiary hearing. State v. O'Donnell, 435 N.J. Super. 351, 373 (App. Div. 2014). However, a PCR court's decision to proceed without an evidentiary hearing is reviewed for an abuse of discretion. State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013).

To establish a claim of ineffective assistance of counsel, a defendant must satisfy the two-part test from Strickland v. Washington, 466 U.S. 687 (1984). He must demonstrate: (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and (2) "the deficient performance prejudiced the defense." Ibid. see also State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-prong test in New Jersey).

A defendant who entered a guilty plea satisfies the first Strickland prong if he demonstrates counsel's representation fell short of the prevailing norms of

---

[1] We note although defendant's PCR petition lists seven arguments challenging both his conviction and sentencing, defendant's appeal seeks relief only as to sentencing, and raises only the argument that defense counsel failed to present mitigating factors at sentencing.

the legal community.  Padilla v. Kentucky, 559 U.S. 356, 366-67 (2010).  The defendant proves the second prong of Strickland by establishing "a reasonable probability" the defendant "would not have [pleaded] guilty" but for counsel's errors.  State v. Gaitan, 209 N.J. 339, 351 (2012) (quoting State v. Nuñez-Valdéz, 200 N.J. 129, 139 (2009)).  Moreover, "[a] sentence imposed pursuant to a plea agreement is presumed to be reasonable because a defendant voluntarily '[waived] . . . his right to a trial in return for the reduction or dismissal of certain charges, recommendations as to sentences and the like.'" State v. Fuentes, 217 N.J. 57, 71-72 (2014) (second alteration in original) (omission in original) (quoting State v. Davis, 175 N.J. Super. 130, 140 (App. Div. 1980)).

A defendant may argue an evidentiary hearing is warranted to develop the factual record in connection with an ineffective-assistance claim.  State v. Preciose, 129 N.J. 451, 462-63 (1992).  However, the PCR court should grant an evidentiary hearing only where: (1) a defendant is able to prove a prima facie case of ineffective assistance of counsel, (2) there are material issues of disputed fact that must be resolved with evidence outside of the record, and (3) the hearing is necessary to resolve the claims for relief.  Id. at 462; see also R. 3:22-10(b); State v. Porter, 216 N.J. 343, 354 (2013).

Defendant argues defense counsel informed the court no mitigating factors applied in this case. Defendant cites the following excerpt from defense counsel's argument at the sentencing hearing to support this contention: "Your Honor, none of this -- would even excuse or a definitive mitigating factor under the statutory sections, 2C:44-1, but it is the factual backdrop under this case that -- that apparently the weapon that was ultimately used was -- was produced by [the decedent]." However, reading the language immediately preceding this excerpt reveals defense counsel was discussing how the decedent initially had produced the handgun used in the homicide. Thus, defense counsel's verbiage is properly characterized not as stating to the court that no mitigating factors existed. Instead, counsel simply explained that the decedent's initial production of the handgun may not speak to any mitigating factor, but it provided a "factual backdrop" to the case.

Defendant's argument that defense counsel failed to present and argue mitigating factors is belied by the record. The sentencing court had in its possession sufficient information to adequately address any mitigating factors. The sentencing court was aware decedent had been involved in a carjacking against defendant, which had occurred a few days before the homicide, and the Pre-Sentence Investigation Report provided information outlining the struggle

6

between defendant and decedent over the handgun used in the homicide, defendant's daily drug use, and defendant's familial status. Defense counsel addressed defendant's drug use, which defendant then elaborated upon. The PCR court correctly noted the sentencing court considered these factors and ultimately decided no mitigating factors were present. Accordingly, defendant failed to establish "a reasonable probability that but for counsel's unprofessional errors"—which we conclude were not present—"the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

Defendant also has not shown, that but for counsel's errors he would not have pleaded guilty. Defendant was facing a maximum exposure of approximately forty years of incarceration and his counsel negotiated a recommendation for a fifteen-year term. He was sentenced in accordance with that recommendation.

Moreover, because defendant did not demonstrate a prima facie showing ineffective assistance of counsel, the PCR court properly denied defendant an evidentiary hearing. The judge's findings are sound, and his legal conclusions are correct.

A-1591-23

Pursuant to <u>Strickland</u>, defendant failed to satisfy his burden to show defense counsel's performance was deficient or that he would not have pleaded guilty but for counsel's error.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-1591-23